OLIVE & STIRNENBERG v. HESTER.

(Case No. 2000.)

1. EVIDENCE — HEARSAY.— In a contract for the delivery of saw-logs, it was stipulated that the seller, "or one Stewart," was to measure or scale the logs, which should be taken and accepted as the true measurement. In a suit involving the question as to what amount was delivered, *held*, that the report of measurement made by the employees of either was not binding on the parties, no matter how correctly such reports may have been entered in the book kept for that purpose, or how correctly such reports may have been copied and sent to the purchaser; such evidence was hearsay.

2. PRACTICE.— When suit is brought upon an account verified by affidavit, the correctness of which is denied by the defendant under oath, the *prima facie* proof made by the sworn account is destroyed, and this result cannot be obviated by filing a supplemental petition under oath which in effect but reiterates the original pleading regarding the justness of the account.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

Appellee sued appellants, as partners, upon an account in the sum of $1,510.15, principal and interest, for value of timber delivered to appellants under verbal contract of purchase, and for damages for violation of the contract. The contract was alleged by appellee to be: That appellants had purchased appellee's timber at $6 per thousand feet, to be measured up when put into Village creek or its tributaries, and paid for as measured up there, and appellee to float and deliver same to appellants at Beaumont at appellants' risk in floating; each month appellee to receive one-half the value of the amount put into water for that month in cash and supplies, and balance in ninety days in cash. Appellants answered by general demurrer and general denial, and that the contract was not as alleged by appellee, in this, that said timber was to be measured and scaled "by appellee or one Stewart," and at Village creek and its tributaries or at Collier's ferry, at the option of appellants — one-half payment in money and supplies, as per estimation of measurement by appellee when put into water, and balance when delivered, after deducting losses of floating; that appellee was to run and deliver same at appellee's risk. Appellants pleaded and claimed in reconvention $1,210.93 damages for non-delivery of two hundred and eighteen thousand four hundred and eighty-nine feet of timber paid for by appellants and allowed to remain in Village and Turkey creeks, and becoming a total loss to appellants. Appellants filed counter affidavits to appellee's sworn account and a stated account as a correct statement of accounts between the parties, whereby they admitted an indebtedness to appellee, on open account, in the sum of $518.83. Appellee, by supplemental petitions, admitted two items of appellants' account and denied balance, leaving in controversy the sum of $1,267.98 (including the $518.83) of accounts and appellants' claim of $1,310.93 damages as the only issues presented to the court for its adjudication.

Judgment rendered in favor of appellee for $1,155.35.

*O'Brien & John*, for appellants, cited: R. S., arts. 1265, 1278; McCamant v. Batsell, 59 Tex., 365; 48 Tex., 216.

*Hal W. Greer*, for appellee, cited: Schleicher v. Markward, 61 Tex., 99; I. & G. N. R'y Co. v. Kindred, 57 Tex., 500; 50 Tex., 114; Greenl. Evidence, 116–119.

STAYTON, ASSOCIATE JUSTICE.— There is no controversy between the parties except as to whether the appellee delivered three hundred and seventy thousand five hundred and three feet of logs as he claims in his petition.

The appellants claim that only two hundred and seventy thousand five hundred and three feet of logs were delivered.

The evidence is conflicting as to what the real contract between the parties was in reference to the place at which the measurement of the logs should be made, and as to whether the appellants had agreed to abide by the measurement which should be made by the appellee in person or by one Stewart.

The court, however, found that the contract as to place of measurement, and all other matters, except as to the persons by whose measurement the appellants agreed to abide and settle, was as claimed by the appellee.

In that respect, however, the court found as follows: "The understanding and agreement at the time the contract was made was that the plaintiff or one Stewart was to measure or scale the logs, which was to be taken and accepted as the correct measurement. The evidence shows that neither plaintiff nor Stewart measured all the logs, but that they were measured by employees of the plaintiff; the evidence shows that the measurement was correctly reported to the defendants as made, and there is no evidence to show that the number of feet of logs reported was not measured and put into the creek as alleged by the plaintiff."

It appears from the statement of facts that the measurement of the logs about which the controversy exists was made by employees of the appellee, and that of the correctness of their measurements he had no personal knowledge. The appellee had a book-keeper to whom the persons who did make the measurements reported, and their reports were recorded by the book-keeper, from which a report of the logs delivered was made to the appellants.

On the trial the appellee, for the purpose of showing the quantity of timber measured and delivered, testified that his employees, whose names he gave, measured the most of the timber, of which statements were made monthly by him to the appellants.

This evidence was objected to, on the ground that, as to the measurements, the testimony was hearsay, and the objection was overruled.

We are of the opinion that this was error. If the measurement had been made by the appellee or by Stewart, then, when reported as made by either of them, under the contract to settle by the measurement as made by either of them, the appellants would have been bound.

There was, however, no agreement that the appellants would abide by measurements made by other persons than the appellee or

Stewart; and the appellants were not bound by the reports of measurements made by employees, it matters not how correctly their reports may have been entered in the book kept by the book-keeper of the appellee for that purpose, or how correctly such reports may have been copied and sent to the appellants.

Such evidence was but hearsay and ought to have been excluded, unless it was shown that the employees correctly measured and correctly reported their measurements.

The appellants filed a sworn plea, denying the correctness of the account sued on, which was sworn to, and which embraced many items of debit and credit, and this plea was not excepted to; but the appellee, by supplemental petition, also filed a sworn plea which in effect alleged that the particular item about which there is controversy was as claimed by the appellee and not as claimed by the appellant, and it may be that it was thought that this last pleading relieved the appellee from the burden of proof cast upon him. If so, this was error; for when the appellants under oath denied the justice of the claim sued upon, his *prima facie* proof made by his sworn account was destroyed, and it was then incumbent on him by proof to establish his case; and from this he could not relieve himself by a sworn supplemental petition in which he, in effect, but reiterated his former sworn statement.

There were no exceptions filed to any of the sworn pleas, and we have not felt called upon to pass upon their sufficiency.

The other matters presented by the assignments of error need not be considered as they will not occur on another trial.

For the error mentioned the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 30, 1885.]