## W. F. STEWART ET AL. V. JACOB SACHS & CO.

Decided June 23, 1906.

**1.—Contract on Sunday—Market Value of Goods—Charge.**

The suit being upon an account for goods sold and delivered at a stipulated price and the defenses being that the goods were of an inferior grade, and the contract for their purchase was made on Sunday, the court did not err in charging the jury to find for the plaintiff the market value of the goods in question, although the suit was for an agreed price, because the petition alleged that the market value and the agreed price were identical, and the defensive pleading and evidence raised the issue of market value. The defendant was liable for the market value of the goods irrespective of the validity of the contract.

**2.—Charge—Assumption of Fact—Harmless.**

A charge which assumes the fact that the goods sued for had a market value is harmless when it is certain that said goods had at least some value in the market.

Error from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*W. A. Hanger,* for plaintiff in error.

*W. B. Paddock,* for defendant in error.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in favor of defendants in error upon an account for certain whiskeys, wines, cigars, etc., sold to the firm of A. B. Castleman & Company, showing a balance of seven hundred and sixty-eight dollars due thereon. The only defenses, necessary to notice, were that the order or contract for the goods was made on Sunday, and that the articles furnished were inferior, adulterated, etc.

It is urged that the court erred in his charge insofar as the jury were thereby authorized to find for plaintiffs below the market value of the merchandise in question, on the ground that the suit was upon an express contract for a stipulated price. While it is true that the petition alleged that defendants agreed to pay the prices stated in the itemized account sued upon, it was also alleged in substance that said prices were identical with the reasonable market value of the articles specified. Besides, the issue of reasonable or market value was raised by the evidence and defensive pleading. It is undisputed that said firm actually received and appropriated the merchandise shipped in answer to the order made. This being true, plaintiffs in error were liable for the reasonable market value thereof, irrespective of the asserted invalidity of the order and regardless of the fact that the goods may have been of inferior grade. Indeed, it was only in submitting the defenses named that the charge was given, the jury being otherwise charged peremptorily to find for plaintiffs below the amount shown to be due by the account, unless they should find for defendants under said defensive issues.

The foregoing conclusions, we think, sufficiently dispose of the remaining assignments, unless, perhaps, we should notice the objection

that the charge is upon the weight of the evidence, in that it assumes that the property mentioned "had a market value." But if it be conceded that the charge is subject to this criticism, there can be nothing in it, inasmuch as it seems certain that the property had at least some value in the market.

Finding no error in the proceedings of which plaintiffs in error can complain, and that the pleadings and evidence support the judgment, it will be affirmed.

*Affirmed.*