ROCKWELL BROS. & COMPANY v. W. T. HUDGENS ET AL.

Decided November 13, 1909.

**1.—Homestead—Abandonment—Evidence—Evading Arrest.**

The issue being whether or not defendant had abandoned the premises in controversy as his home, it was error for the court to refuse to permit plaintiff to elicit from the defendant while testifying as a witness in his own behalf that his absence from the State, which had been shown, was not in fact temporary, as he had testifed it was, but that at the time he left the county and State there were several indictments for felony pending against him; that in consequence thereof he was a fugitive from justice during his absence, and did not return until he was arrested and brought back by the sheriff; and this, though the plaintiff had introduced the defendant as a witness.

**2.—Same—Acts of Husband—Conclusive upon Wife.**

The determination of the husband is conclusive upon the wife in the matter of abandoning the homestead when he acts in good faith and for what he believes to be for the best interest of his family.

**3.—Practice—Leading Questions—Hostile Witness.**

When a defendant is introduced as a witness by the plaintiff, and the interests of the defendant necessarily place him in hostility to the plaintiff, the positions of the parties are changed in the matter of propounding leading questions; the plaintiff should be permitted to propound leading questions, and the defendant's counsel should not be permitted to do so.

**4.—Homestead—Abandonment—Evidence.**

The fact that a debtor had not paid for or received a deed to the premises in controversy until after his creditor had sought to fix a lien upon it and subject it to the payment of his debts, is a circumstance which the jury should be allowed to consider in determining the question of homestead vel non. Charge upon the designation of a homestead considered, and held incorrect in stating the law and upon the weight of the evidence.

**5.—Same—Burden of Proof.**

While as a general rule the burden of proving the abandonment of a homestead once established is upon the party asserting the abandonment, yet when there has been no actual occupancy of the premises and the acts of preparation are of doubtful character, the rule may be otherwise. Evidence as to designation of homestead considered, and intimated that the burden of proof should be upon the party asserting homestead rights.

**6.—Special Charge—Failure to Note Refusal.**

A requested charge not marked "refused" will not be considered on appeal.

Error from the District Court of Eastland County.   Tried below before Hon. J. H. Calhoun.

*Stubblefield & Patterson,* for plaintiff in error.—It is an abuse of discretion for a trial court to refuse plaintiff the privilege of propounding leading questions to the defendant.  1 Greenlf. Ev., sec. 435; Rev. Stats., art. 2271; Tillman v. Peoples, 67 S. W., 201; 2 Elliott on Evidence, p. 849; Rev. Stats., art. 2294, 47 Am. Dec., 83.

It is an abuse of discretion on the part of a trial court to permit the attorneys for defendant, while the defendant is testifying in his own behalf concerning matters specially plead by him, to elicit such matters so plead, by propounding leading questions to such defendant over the objections of plaintiff, even if such defendant had been placed on the stand as a witness by the plaintiff.  International & G. N. Ry. Co. v. Dalwigh, 51 S. W., 500; San Antonio & A. P. Ry. Co. v. Hammon, 50 S. W. 123; Tillman v. Peoples, 67 S. W., 201; 1 Wig., sec. 773; 1 Green. Ev., p. 591; Rev. Stats., art. 2271, 47 Am. Dec., 83.

As tending to show that in leaving the State where such property claimed to be his homestead was located, the defendant did so with no intention of returning, thereby abandoning such homestead, it is competent for plaintiff to show by such defendant that when he left the State he was under felony indictments and that he only returned to the State when brought back by a peace officer by reason of such indictments, even though plaintiff had placed such defendant on the

witness stand and such facts might tend to degrade the defendant in the minds of the jurors. Rev. Stats., art. 2271; Tillman v. Peoples, 67 S. W., 205; Greenleaf (15th ed.), 452.

Mere intention to occupy land as a homestead is not available as against the lien created on such land by virtue of the Constitution of this State in favor of the materialman who furnishes material to erect improvements thereon, unless such materialman have actual or constructive notice of such intention at the time such lien would attach. Wolf v. Butler, 28 S. W., 51; Collier v. Betterton, 29 S. W., 490; George v. Ryon, 61 S. W., 139; Steves v. Smith, 107 S. W., 145; Johnson v. Burton, 87 S. W., 181 (and cases cited); 21 Cyc., 472 (note 34 for collation of additional authorities); Moreland v. Barnhardt, 44 Texas, 275; 85 Texas, 610; 18 Texas, 417; 30 Texas, 191; 111 S. W., 760.

Where property has never been occupied or used as a homestead as against an attaching creditor, the burden continues upon the person claiming such property to show that at the time of such attachment the property was his homestead, and it is not sufficient for him to show merely that at some prior date thereto he had formed an intention to use such property as his homestead and had improved the same, but he must show that by reason of his failure to occupy such premises subsequently to the forming of such intention and the placing of such improvements, that he had not abandoned such intention to use and occupy such premises as a homestead at the time of the levy. Same authorities, also: Cobb v. Collins, 111 S. W., 760; West End v. Griggs, 56 S. W., 49; Autry v. Reasor, 113 S. W., 748; Blum v. Rogers, 15 S. W., 115.

The verdict of the jury is contrary to the law and unsupported by the evidence in this, that if said property had ever been the homestead of defendants they had ceased to use the same and had abandoned said property as a home on June 21, 1906, at the time the writ of attachment was served in said cause, and the same had ceased to be and was no longer the homestead of defendants. Watson v. City Natl. Bank, 119 S. W., 915, 917; Bente v. Lange, 29 S. W., 815; Lynch v. McGown, 117 S. W., 884.

*Scott & Brelsford,* for defendants in error.—The intention of the husband and wife, who have no other homestead, to make and use lots owned by them a homestead, accompanied with acts showing an intention to use and occupy same as a homestead, such as digging a well and planting a garden, is sufficient to put a materialman furnishing material for improvements thereon upon notice of its homestead character, and no lien will attach unless executed by both husband and wife as required by statute before the furnishing such material. Cameron v. Gebhard, 85 Texas, 610, 22 S. W., 1033; Miles v. Kelley, 40 S. W., 599; Gallagher v. Keller, 23 S. W., 296; same, 29 S. W., 647.

Intent alone is sufficient if improved at the time it is purchased. See Evans v. Daniel, 25 Texas Civ. App., 362, 60 S. W. Rep., 1012.

Authorities as to fixing liens on homestead: Lyon v. Ozee, 66

Texas, 95; Walker v. House, 24 S. W., 82; Cameron v. Marshall, 65 Texas, 7; Building & L. Assn. v. Logan, 33 S. W., 1088.

An intention to occupy a lot as a home, coupled with preparations by building a house thereon, planting a garden, putting up posts and digging a well thereon, authorizes the presumption of dedication as a home, and where the materialman failed to secure contract with both husband and wife, duly acknowledged as required by statute before the material was furnished, and afterward attempted to fix lien by filing bill of particulars or writ of attachment, the burden would be on plaintiff to prove abandonment. Texas Land & L. Co. v. Blalock, 76 Texas, 85.

CONNER, CHIEF JUSTICE.—Plaintiff in error sued W. T. Hudgens upon a promissory note in the sum of one thousand two hundred dollars, given by Hudgens on March 21, 1906, for the purchase price of certain lumber and material afterwards used by him in the erection of a dwelling-house situated in the town of Rising Star, Eastland County. No defense was urged to the indebtedness, nor to a mortgage lien declared upon on certain mules taken to secure the note, but plaintiff in error also asserted and sought to foreclose two liens on the house and lot referred to; one, the materialman's lien provided by article 3294 of the Revised Statutes; the other, an attachment lien later secured, as against which defendants in error Hudgens and wife interposed the defense that the premises at and before the inception of said liens constituted their homestead. The trial resulted in a verdict and judgment for defendants in error.

The sharply contested issues were whether in March, 1906, when, if at all, plaintiff became entitled to fix, as he afterwards did, his materialman's lien, the lot in question had become the homestead of defendants in error by reason of such acts of preparation as sufficiently manifested their intention to so make it, and if so, whether defendants in error had abandoned the homestead at and prior to the levy of plaintiff in error's writ of attachment on the 21st day of June, 1906. The evidence is undisputed that defendants in error never actually occupied the premises until long after the levy of the attachment, and that before the lot was paid for and deed thereto delivered, and before any occupancy of the premises, defendant Hudgens, accompanied by his wife and two children, left the country and remained away in different parts of the United States, Canada and Old Mexico from early in June, 1906, until about April 1, 1907, when he returned to Eastland County, accompanied by a sheriff.

Plaintiff in error sought to elicit by an examination of W. T. Hudgens while testifying as a witness that said absence from the State was not temporary as he had testified; that at the time he left Eastland County he had some half dozen indictments for felony pending against him; that in consequence thereof he was a fugitive from justice during his absence and had not returned until he was arrested in El Paso, Texas, by the sheriff of Eastland County. The court refused to permit the introduction of such proposed evidence or to permit questions calculated to so prove, on the ground that the witness had been offered by plaintiff in error, and had been allowed

to testify to the length and circumstances of his wandering, and hence, that it was improper to so impeach or degrade him. We are of the opinion that the court committed reversible error in so ruling. True, the witness could not be so impeached, but the facts sought were certainly relevant on the issue of abandonment. The fact, if true, that W. T. Hudgens, at the time he left the country of his asserted home, was indicted one or more times for grave offenses and perhaps liable to punishment in the penitentiary, furnished a motive or inducement for his departure and continued absence, and was admissible as a circumstance illustrating his intent, to be considered by the jury together with all other circumstances in determining whether Hudgens' abandonment was permanent. It is insisted that the testimony is not admissible against the wife who intervened. But not so. It is undisputed that the wife went and remained absent with her husband until long after the institution of this suit, and if W. T. Hudgens in abandoning his former home, if one had been established and if he did so abandon it, acted in good faith and for the best interest of his family, as he thought, his determination controls. See Speer on Law of Married Women, sections 256 and 271, and authorities cited. If the testimony sought was relevant to a material issue, as we think it plainly is, it is no objection to its introduction that the testimony did tend to degrade the witness. See 1 Greenleaf on Evidence, 15th ed., sec. 454.

Complaint is also made of the action of the court in refusing to permit plaintiff in error to propound leading questions to the defendant, W. T. Hudgens. We think this was error. Notwithstanding he was introduced as witness by plaintiff in error, W. T. Hudgens was necessarily a hostile witness; his position in the case and his defense placed him in hostility to plaintiff in error and the latter should therefore have been permitted to propound leading questions to him. See 1 Greenleaf on Evidence, sec. 435. And for the same reason the court should not have permitted his counsel to lead W. T. Hudgens in the development of his defense. See 1 Wigmore on Evidence, sec. 773; 2d volume, same authority, sec. 916; Revised Statutes, art. 2271; International & G. N. Ry. v. Dalwigh, 92 Texas, 655.

In the fourteenth assignment complaint is made of the following paragraph of the court's charge: "If you believe from the evidence that the said W. T. Hudgens, or that he and his wife contracted for the land in controversy for the purpose of making it a homestead, and that they caused it to be improved for a home intending to live thereon and own no other home, then it became their homestead whether it was paid for or not, regardless of whether they occupied it or not; and if that homestead character once attached to said land, then it remained their homestead until both W. T. Hudgens and his wife both abandoned it with the intention of not returning to it and living thereon, or abandoned the idea and intent of making it their home." The validity of the defendants' title was not made an issue, and we think this charge was incorrect as well as objectionable as being on the weight of the testimony. The fact that W. T. Hudgens had not paid for his homestead lot or received deed there-

for until after his return to Eastland County, was a circumstance proper for the consideration of the jury in determining the issue of abandonment, and the force of the circumstance should not have been destroyed, as was probably done, by the section of the charge quoted. It was also erroneous to instruct the jury, as was in effect done, that the wife's concurrence in the abandonment of the homestead was absolutely essential, as we have indicated in a former part of our opinion.

Some of us also very gravely doubt, under the circumstances of this case, the propriety of the court's charge complained of in the thirteenth assignment, to the effect that the burden of proof on the issue of abandonment was upon plaintiff in error. While as a general rule the burden of proving the abandonment of a homestead once established is upon the party asserting the abandonment (see Welborne v. Downing, 73 Texas, 527), yet where, as here, there had admittedly been no occupancy of the premises, and where the acts of preparation were of the character shown by the testimony in this case, unaccompanied with any declared purpose of occupying the premises as a home; and where liens, as here, have accrued at different times, some of us at least incline to the opinion that the charge on the burden of proof indicated was liable to mislead the jury, it being ordinarily true that the burden of proof was upon defendants in error to establish the homestead character of the premises in controversy at the several times plaintiff in error acquired his liens.

We find nothing else in the record requiring notice. We should say perhaps, however, that the eighteenth assignment has not been considered for the reason that the special charge therein quoted was not marked "refused" by the trial court as required by the statute.

We conclude that the judgment should be reversed and the cause remanded because of the errors discussed.

*Reversed and remanded.*