CONTINENTAL LUMBER & TIE CO. v. MILLER.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1912. Rehearing Denied March 30, 1912.)

1. ACCOUNT, ACTION ON (§ 12*)—VERIFIED ACCOUNT—EFFECT.

Where a verified account is denied by defendant under oath, plaintiff must establish his cause of action as in ordinary cases.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. § 12.*]

2. SALES (§ 179*) — ACTIONS — REMEDIES OF BUYER.

While purchaser of lumber may, upon discovering that the lumber tendered for delivery does not comply with the terms of the contract, rescind the contract, he may also waive the breach, retain the goods, and hold the seller for the defect; but he cannot retain the property and refuse any compensation therefor, though not intending to receive the lumber delivered as in full compliance with the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468; Dec. Dig. § 179.*]

Error to Tarrant County Court; C. T. Prewett, Judge.

Action by the Continental Lumber & Tie Company against P. H. Miller. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

B. K. Goree and Theodore Mack, both of Ft. Worth, for plaintiff in error. Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for defendant in error.

SPEER, J. Continental Lumber & Tie Company prosecutes this writ of error from an adverse judgment in an action instituted by it against P. H. Miller to recover for two car loads of lumber as upon a verified account under the statute.

[1] The contention that the trial court should have instructed a verdict for plaintiff in error cannot be sustained. The insistence seems to be that, since a demurrer was sustained to the cross-plea of defendant in error, and since plaintiff in error's cause of

action was evidenced by a verified account under the statute, there remained nothing, therefore, to be determined under the pleadings, and a verdict should have been directed. It is a sufficient answer to this, however, that defendant in error, under oath, denied the justice of the claim sued on. In such a case, the prima facie character of the proof is destroyed, and the burden rests upon the plaintiff, as in ordinary cases, to establish his cause of action. Olive & Stirnenberg v. Hester, 63 Tex. 190; Rust v. Sanger Bros., 105 S. W. 66; Pitman v. Bloch, 48 Tex. Civ. App. 320, 106 S. W. 724.

[2] There was error, however, in the following paragraph of the charge: "In this case, you are instructed that if you believe from the evidence that upon the arrival of the two cars of lumber in question at Baird, Tex., the defendant took possession of said lumber and unloaded the same in his yard for the purpose of appropriating said lumber, or any part thereof, to his own use, then you will find for the plaintiff for the reasonable market value, if any, of said two cars of lumber, with 6 per cent. interest from December 8, 1908; and, unless you so believe, you will find for the defendant." The particular portion which is prejudicial to plaintiff in error is contained in the last clause, directing a verdict for defendant in error, unless the jury should believe the lumber had been received and unloaded for the purpose of appropriating the same, or some part thereof. Under the evidence, the jury would have been justified in finding that the lumber was actually received and unloaded with no intention of accepting the same as in full compliance with the contract of purchase and sale; but afterward defendant in error formed in his mind the purpose to accept the lumber, and to hold plaintiff in error for the loss or damage growing out of the failure of the shipment to meet the requirements of his contract as to grade, etc. In the event of such a finding, of course, on the most elementary principles, the defendant in error would be liable, not for the contract price, but for the reasonable market value, of the lumber received, not to exceed the contract price. It is too well settled to require a citation of authority that a purchaser in such a case may exercise the remedy of rescission upon discovering that the goods tendered for delivery do not comply with the terms of his contract of purchase; or he may waive this failure, retain the goods, and hold the seller for the default. It cannot be the law, as the jury in effect were instructed that defendant in error would owe nothing for the lumber, unless, at the time the same was unloaded in his yard, it was done so for the purpose of appropriating the same to his own use. In the manner in which the issues were submitted, it became unnecessary to give plaintiff in error's special charges concerning the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

issue of arbitration tendered by defendant in error. Such issue was effectively ignored in the presentation of the case. It may be doubted if defendant in error's pleadings are as full as they should be, upon the issue of the failure of plaintiff in error to furnish lumber according to the contract of sale and purchase, to show specifically what loss he has sustained in the event of a finding that he has accepted the lumber. But we have not felt free, after having reversed a recovery in his favor, to render the judgment against him for the want of such a pleading. The cause will therefore be remanded for another trial.

Reversed and remanded.