## OHIO POTTERY & GLASS CO. v. BLACK.

(Court of Civil Appeals of Texas. Amarillo. May 11, 1912. Rehearing Denied June 1, 1912.)

1. SALES (§ 124*) — RESCISSION—RETURN OF GOODS.

A buyer of goods sold by sample cannot rescind the sale for defects therein, and refuse to pay therefor, while still retaining the goods and refusing to deliver them to the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 303–312; Dec. Dig. § 124.*]

2. DEPOSITIONS (§ 109*) — OBJECTIONS—FORMAL OBJECTIONS.

Under Sayles' Ann. Civ. St. 1897, art. 2289, providing that objections to depositions must be in writing, objections that interrogatories were leading, or that the answers of the witnesses were not responsive, cannot be considered, unless written.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 321, 322; Dec. Dig. § 109.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by the Ohio Pottery & Glass Company against E. B. Black. There was judgment for defendant in justice's court and in the county court on appeal, and plaintiff appeals. Reversed and remanded.

W. C. Jones, of Hereford, for appellant. Barcus & North, of San Antonio, for appellee.

HALL, J. Appellant, a partnership, brought this action in the justice court of Deaf Smith county against E. B. Black, appellee, upon an open account in the sum of $140.91, where judgment was rendered in

favor of appellee. Appellant appealed to the county court, where, upon a trial before the court without a jury, judgment was again rendered in favor of appellee. By oral pleadings, noted upon the docket, appellant alleged the delivery of the goods in good condition and the failure of appellee to pay. Appellee alleged that the sale was by samples, and that the goods delivered to him were not equal to the samples, but were inferior in size and quality.

The record shows that upon arrival of the goods appellee received them and paid the freight, amounting to $11.75, and for which he was not liable, and that after the receipt of the goods he sold about 10 or 15 per cent. of the bill, with which he reimbursed himself for the amount of freight paid by him.

The answer was excepted to, because the remainder of the goods on hand were not tendered to appellant. The county court rendered a judgment that appellant take nothing, and failed to dispose of the question of freight or the remainder of the goods.

[1] There are numerous assignments of error presented in appellant's brief, which it will not be necessary to discuss in detail. It is our opinion that the first assignment is well taken. If the goods, when received, were inferior in quality to the samples shown appellee, he had the right to refuse to accept the goods and rescind the contract, or affirm the sale and sue for damages. It appears that he is not asking any damages by reason of inferior quality, but is retaining possession of the goods, having sold a portion of them, and at the same time refuses to pay the account, or any part thereof. His refusal to return or tender the goods might be construed as an affirmance of the contract. In the condition in which the case comes before us, the judgment rendered below is obviously erroneous. The rules of law governing cases of this character are clearly announced in the following decisions: Continental L. & T. Co. v. Miller, 145 S. W. 735; Plotner & Stoddard v. Markham W. & E. Co., 122 S. W. 443; Edwards v. Wooldridge, 52 Tex. Civ. App. 512, 115 S. W. 920; Gorham v. Dallas, etc., Ry. Co., 106 S. W. 930; Stewart v. Jacob Sachs & Co., 43 Tex. Civ. App. 530, 96 S. W. 1091; Boehringer v. Richards Med. Co., 9 Tex. Civ. App. 284, 29 S. W. 508.

The court further erred in excluding the eleventh, thirteenth, fourteenth, fifteenth, and sixteenth interrogatories and answers thereto of the witness B. Gabouch. There was no error in excluding the answer to the nineteenth direct interrogatory propounded to this witness, because she failed to testify as to her competency as an expert.

[2] The court further erred in excluding the interrogatories and answers of the witness W. H. Pugh, numbered 10 and 11. Interrogatory No. 11 was not leading; and, besides, objections to an interrogatory upon the ground that it is leading must be made in writing, under article 2289, Sayles' Civil Statutes, as must, also, objections that the answer of the witness is not responsive to the question and pertinent to the interrogatory. I. & G. N. Ry. Co. v. Kuehn, 2 Tex. Civ. App. 210, 21 S. W. 58; Lee v. Stowe, 57 Tex. 444.

The court further erred in excluding the interrogatories and answers of the witness Oliver L. Kraft, Nos. 4 and 5. The opinion of said witness, as stated in the answer to the direct interrogatory, was not admissible, unless he had first shown himself qualified to testify as an expert.

The remaining errors assigned cannot arise upon another trial, and will not be considered. In view of another trial, we will not discuss the sufficiency of the evidence to sustain the court's findings and the judgment.

By reason of the errors pointed out above, the judgment is reversed and the cause remanded.