CONTINENTAL LUMBER & TIE CO. v. MILLER.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 25, 1913. Rehearing Denied Nov. 29, 1913.)

1. ACCOUNT, ACTION ON (§ 13*)—VERIFIED ACCOUNTS—DEFENSES.

Under Rev. St. 1911, art. 3712, providing that when an action is founded upon an open account supported by affidavit it shall be taken as prima facie evidence, unless the party resisting the claim thereon shall file a written denial under oath, stating that the account is not just or true "in whole or in part," and if in part only stating the items and particulars which are unjust, and that when he fails to file such affidavit he shall not be permitted to deny the account or any item therein, where defendant's denial alleged that the account was not just, correct, and true, that it was not due, and that defendant did not owe it or any item thereof, this was a sufficient denial; since the statute only requires a definite denial of that part of the account which defendant considers is not just or true, and where the account is denied in whole every item thereof is put in issue.

[Ed. Note.—For other cases, see Account Action on, Cent. Dig. §§ 38–40; Dec. Dig. § 13.*]

2. ESTOPPEL (§ 107*)—PLEADING—NECESSITY.

In an action for the price of lumber, plaintiff could not insist that defendant by asking

damages for the breach of the contract in his answer was estopped to disaffirm the contract, where plaintiff's pleadings based the claim of estoppel only on defendant's examination and acceptance of the lumber.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 297; Dec. Dig. § 107.*]

**3. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

In an action for the price of lumber which defendant claimed to have rejected because of its defective quality and quantity, where defendant pleaded and his evidence showed that during the negotiations looking to the adjustment of the controversy he thought the matter had been settled and so used a small quantity of the lumber, but that upon learning his mistake he immediately notified plaintiff that he would pay therefor, an instruction that defendant would not have the right to accept the lumber in part and reject it in part, but that he was required either to accept or reject it as a whole, and that if he had an opportunity to and did inspect the lumber after its arrival he should then determine whether he would accept or reject it as an entirety, was properly refused, as it was on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

**4. SALES (§ 178*)—ACCEPTANCE—WHAT CONSTITUTES.**

Where a purchaser of lumber refused to accept it because of its defective quality and quantity, but during the negotiations looking to an adjustment of the controversy he thought the matter had been settled and used a small quantity of the lumber which, upon learning of his mistake he offered to pay for, this was not necessarily an acceptance of the lumber.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. § 178.*]

**5. CUSTOMS AND USAGES (§ 8*)—EVIDENCE—ADMISSIBILITY.**

In an action for the price of lumber which defendant claimed to have rejected, evidence as to a custom among lumbermen to the effect that when a purchaser discovered that lumber delivered was not up to grade he should make out a claim of the amount and forward it to the shipper, and pending the settlement between the shipper and purchaser hold the lumber subject to the shipper's order, was not inadmissible on the ground that the custom was in contravention of law; since, under the circumstances mentioned, a purchaser might lawfully decline to receive the lumber and hold the shipment subject to the shipper's order.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 8–10; Dec. Dig. § 8.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by the Continental Lumber & Tie Company against P. H. Miller. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 145 S. W. 735.

Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellant. Goree & Turner, of Ft. Worth, for appellee.

SPEER, J. The Continental Lumber & Tie Company sued P. H. Miller upon an itemized verified account to recover the sum of $656.14 due for two cars of lumber sold and delivered by plaintiff to the defendant and in the alternative to recover the reasonable market value of such lumber. The defendant denied under oath the account sued on and pleaded specially that the shipment of lumber was not of the character, quality, and quantity bargained for, and that the orders given by him contained the express provision that, in case of any disagreement between the parties in respect to the lumber shipped, the same was to be held by the purchaser subject to an inspection by some officer or person sent by the Yellow Pine Manufacturers' Association, whose decision should be final; that he notified the plaintiff of his refusal to accept the lumber, called for an inspector according to the contract; but that his request had at all times been refused, and he has at all times since held the lumber subject to plaintiff's order. The plea contains some further allegations which will be noticed in connection with the assignments of appellant. The case was submitted to a jury, and the verdict and judgment were in favor of defendant, and the plaintiff has appealed.

The case has been once before appealed to this court and will be found reported in 145 S. W. 735.

[1] Appellant's first complaint is that the court erred in not sustaining its special exception urged against appellee's answer denying the verified account, because it failed to deny that such account "is just or true in whole or in part," as required by the statute. Rev. Civ. St. 1911, art. 3712. Appellee's denial was as follows: "And defendant now here says that said account is not just, correct, and true, and that the same is not due, and that the defendant does not owe the same, or any item of the same, and this the defendant is ready to verify." This was sufficient. It is a denial of appellant's account in toto. Hensley v. Degener, 25 S. W. 1130. The contention of appellant is for pure literalism. The evident purpose of the statute was to require only a definite denial of that part of the account which was not considered by the defendant to be just or true and where, as here, the account is denied in whole, every item thereof is put in issue.

[2] It is next complained that the court erred in not peremptorily instructing a verdict for appellant. The instruction was claimed, first, because the undisputed evidence and the record show that appellee had elected in his original answer to affirm the contract of sale which formed the basis of appellant's suit by asking for damages for breach thereof, and was therefore estopped to disaffirm the contract, as he was attempting to do on this trial. This contention is without merit, however, since no such plea of estoppel was interposed by appellant; the plea going only to the extent of alleging appellee's examination and acceptance of the lumber in the first place. The instruction was claimed next upon the ground that the undisputed testimony shows that appellee,

after having unloaded and inspected the lumber, received and accepted the same, and was therefore estopped, as pleaded by appellant, to say that the lumber was not of the character, quantity, and quality contracted for. The facts with respect to an acceptance, however, were not undisputed, nor such as to require the giving of a summary instruction upon the theory that appellee had accepted the lumber as being in compliance with the terms of his order. The trial court very clearly submitted this question to the jury, telling them that, if they believed the grade and quality of the two cars of lumber were substantially the same as the grade and quality of the lumber ordered, they would find for the plaintiff for the full amount sued for, and furthermore, if they believed from the evidence that the character of lumber ordered was not shipped, but that lumber of a different grade and quality was shipped, and that the same was received by the appellee and accepted by him, they would find for appellant for the reasonable market value of the lumber so received and accepted, together with interest thereon, and that the question of acceptance was one to be determined by them under all the facts and circumstances surrounding the transaction. Neither was the summary instruction called for upon the theory suggested in the fourth assignment, to the effect that appellee failed to notify appellant within a reasonable time that he had rejected the lumber.

[3, 4] Appellant's special charge No. 3 was properly refused, because under the facts of this case it would have been on the weight of the evidence. It contained the following language: "You are instructed that the defendant would not have the right to accept said lumber in part and reject it in part, but that the defendant was either required to accept or reject the lumber shipped as a whole, and if you believe from the evidence in this case that the defendant had an opportunity to and did inspect said lumber after its arrival, and that he then would (should) determine whether he would accept or reject the same as an entirety." Appellee pleaded, and his evidence showed, that during the negotiations looking to an adjustment of the controversy with appellant, he thought the matter had been settled, and so used a small quantity of the lumber, amounting in value to about the sum of $4, but that upon learning his mistake he immediately notified appellant that he would pay for the lumber used by allowing it as a credit on the unloading charges which had been made against appellant. This, under the circumstances, did not necessarily show an acceptance of the lumber; but the explanation was entirely reasonable and tended to negative the intention to accept. Special charge No. 6 contained the same vice.

[5] The witness Darnell testified to a custom amongst lumbermen to the effect that, when a purchaser discovers upon inspection that the lumber delivered is not up to grade, the universal custom is to make out a claim of the account and forward it to the shipper; pending the settlement between the shipper and the purchaser, the lumber is held subject to the order of the shipper. Appellant objected to this evidence on the ground that such custom was in contravention of the law of the country with reference to the sale of personal property. It is not apparent how such custom is in contravention of any law. Under the circumstances detailed by the witness, a purchaser might lawfully decline to receive the lumber and hold the shipment subject to the shipper's order. The proposition submitted under the assignment raising this question, however, again asserts that the purchaser in such a case must reject or accept the property as a whole, and, if he retains and uses a portion of it, he is estopped to deny that he accepted the whole. We have already disposed of this contention. There was a further objection to this witness' testimony upon the ground that the pleadings as to custom were not sufficient. But there was a plea of custom sufficient we think at least to admit a portion of the witness' testimony, and there is no specific objection to a particular part which would not be within the pleas.

The eighth assignment complains of error in permitting the witness Faust to testify as to the general custom among lumbermen as it affected this controversy. But what we have said upon the ruling last discussed will also dispose of this assignment.

The evidence justifies the verdict and supports the judgment. There is no error in the record, and the judgment is affirmed.