### TEXAS MOLINE PLOW CO. v. GRIMMINGER. (No. 9148.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 1, 1919.)

1. VENUE ⬅️44—BUYER NOT BOUND BY UNAUTHORIZED AGREEMENT FIXING VENUE.

Buyer of tractor was not bound by agreement fixing venue in case of action growing out of the purchase of the tractor, where he had not expressly or impliedly authorized such agreement; hence seller's plea of privilege to be sued in such county instead of the county where the representations were made, was properly denied.

2. APPEAL AND ERROR ⬅️230—CROSS-INTERROGATORIES AND ANSWERS NOT CONSIDERED WHERE NOT PROPERLY FILED OR OBJECTED TO IN LOWER COURT.

Where it did not appear that deposition of plaintiff taken by defendant, and cross-interrogatories propounded by plaintiff's counsel and answers thereto, were not filed at least one entire day before the day of the trial, or that defendant had filed objection to cross-interrogatories and answers before commencement of trial as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3676, court on appeal will not consider objections to cross-interrogatories and answers.

3. APPEAL AND ERROR ⬅️926(8)—PRESUMED THAT DEPOSITION WAS FILED ENTIRE DAY BEFORE TRIAL.

In the absence of a showing to the contrary, it will be presumed that a deposition was filed one entire day before the trial.

Appeal from Clay County Court; E. W. Coleman, Judge.

Action by Leo Grimminger against the Texas Moline Plow Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

Spence, Haven & Smithdeal, of Dallas, for appellant.

Taylor, Allen & Taylor and Wantland & Parrish, all of Henrietta, for appellee.

BUCK, J. We think the evidence is sufficient to sustain findings, which, in support of the judgment, we must impute to the trial court: (1) That plaintiff below did not authorize P. J. Hayes to sign and execute for him the particular contract in writing, upon which defendant below relied, and which contained a provision fixing the venue in Dallas county of any cause of action growing out of the purchase and sale of the tractor in question. (2) That P. L. Kuehn was the agent of the defendant in Clay county in the sale of tractors and other implements of husbandry sold by defendant and not merely an independent dealer. We think the court was warranted in finding that the requirement on the part of defendant, testified to by Kuehn, that the latter should execute his contract to buy from the defendant such machines and implements as he sold, was but a pretense, a scheme devised for the purpose of avoiding or restricting defendant's liability arising out of sales made to farmers and other customers by its agents. The contract offered in evidence, and upon the stipulation in which the appellant here relies to defeat the venue in Clay county, was made in the name and for the benefit of the plow company, and Kuehn's name seems not even to be mentioned in it. (3) That representations were made by Kuehn in Clay county to plaintiff which contributed to induce plaintiff to purchase the tractor, to wit, that the tractor "would do good satisfactory work," and that the same was material and untrue.

[1] Hence we conclude that the trial court was justified in overruling defendant's plea of privilege to be sued in Dallas county. If plaintiff did not expressly or by implication authorize P. J. Hayes to sign the written contract containing the stipulation that the venue of all actions arising by reason of the sale and purchase of the tractor should be fixed in Dallas county, he would not be bound by said provision.

[2, 3] The objection to the introduction of cross-interrogatories propounded by plaintiff's counsel to the plaintiff, and answers thereto, on the ground that the questions therein contained were leading, must be overruled. It does not appear that the deposition of the plaintiff, taken by the defendant, and in which such cross-interrogatories and answers were contained, were not filed at least one entire day before the day of the trial; neither does it appear that defendant before the trial commenced filed its written objection to the cross-interrogatories and answers, as provided in article 3676, V. S. Tex. Civ. Stats. Objections to interrogatories because leading go to the form thereof and the manner of taking. Lee v. Stowe, 57 Tex. 444; Ohio Pottery & Glass Co. v. Black, 149 S. W. 735; Hugo & Schmeltzer Co. v. Hirsh, 63 S. W. 163. In the absence of a showing to the contrary, it will be presumed that a deposition was filed one entire day before the trial, and that hence an objection to the form thereof and the manner of taking comes too late when made after the trial begins. H. E. & W. T. Ry. Co. v. Lacy, 153 S. W. 414, writ refused.

In overruling the assignment directed to the answers to these cross-interrogatories, we do not wish to be understood as holding that, if the objection thereto had been made in writing in due time, such objection ought to have been sustained. Rockwell v. Hudgens, 57 Tex. Civ. App. 504, 123 S. W. 185. As said in 1 Greenleaf on Evidence (15th Ed.) § 435:

"Where the witness stands in a situation, which of necessity makes him adverse to the party calling him, as for example, on the trial of an issue out of chancery, with power to the plaintiff to examine the defendant himself as a witness, he may be cross-examined, as a matter of right."

In Moody v. Rowell, 17 Pick. (Mass.) 498, 28 Am. Dec. 317, cited under the above section in Greenleaf, it is said:

"So a judge may, in his discretion, prohibit certain leading questions from being put to an adversary's witness, where the witness shows a strong interest or bias in favor of the cross-examining party, and needs only an intimation to say whatever is most favorable to that party. The witness may have purposely concealed such bias in favor of one party to induce the other to call him and make him his witness; or the party calling him may be compelled to do so, to prove some single fact necessary to his case."

But since the record fails to show that objections were filed to the cross-interrogatories and answers before the beginning of the trial, we are not called upon to decide the question presented in this assignment, to wit, that it was reversible error for the court to admit the answers of the plaintiff in response to cross-interrogatories of a leading nature, and we do not decide such question.

All assignments are overruled, and the judgment is affirmed.