## HOOD et al. v. ROBERTSON.
### No. 3513.

Court of Civil Appeals of Texas. Amarillo.
Dec. 10, 1930.

Rehearing Denied Jan. 7, 1931.

R. A. Baldwin, of Slaton, for appellants.

Vickers & Campbell, of Lubbock, for appellee.

RANDOLPH, J.

This suit was filed by appellants against appellee to recover a balance alleged to be due by appellee to appellants upon a verified account for lumber claimed to have been sold and delivered to appellee by appellants. A jury was waived, and all matters of fact as well as of law were submitted to the court. On trial of the case, judgment was rendered that appellants take nothing by their suit against appellee, and from this judgment appellants have appealed.

The trial court, on request of appellants, filed his findings of fact and conclusions of law. He found the following to be the facts:

"Judgment in the above cause having been rendered herein in favor of the defendant on the 7th day of June, A. D., 1930, and plaintiffs

having requested the trial court to file its findings of fact and conclusions of law, the following is hereby adopted as the

"Findings of Fact.

"1. I find that A. L. Robertson entered into written contract with one Chas. Lewis on or about the 15th of July, A. D. 1929, by contract offered in evidence under the terms of which the said Lewis as contractor agreed to erect and construct a certain building for the defendant according to plans and specifications attached for a total consideration of $3500.00, payable as therein stated, the said Lewis to furnish all material and labor, and defendant merely agreeing to haul the building material and deliver the same on the building site, except sand, gravel and dirt.

"2. That the said Chas. Lewis as contractor purchased the various items of lumber and building material set out in plaintiffs' verified account on file herein from the plaintiffs, and that the defendant did not purchase or agree to pay for any of said lumber and building material so furnished to the said Chas. Lewis by the plaintiffs, but that such lumber and building material was purchased by the said Chas. Lewis and was sold the said Lewis by the plaintiffs.

"3. I further find that the defendant at no time, either prior to the time that said building material was purchased by Chas. Lewis from the plaintiffs, or at any time subsequent thereto, contracted or obligated himself to pay the plaintiffs therefor."

His conclusions of law are as follows:

"Conclusions of Law.

"Based upon the above Findings of Fact, the plaintiffs having sold said lumber and building material to the said Chas. Lewis and not to the defendant, and the defendant at no time having agreed or obligated himself in any manner to purchase said material from the plaintiffs or to pay them therefor, it is the judgment and conclusion of the court that the plaintiffs are not entitled to recover judgment against the defendant, but that plaintiffs should be denied such recovery and the defendant should be discharged with his costs and go hence without day, and judgment has accordingly been so rendered, as per the terms of said judgment on file herein."

The plaintiffs' suit was based upon a duly verified account attached to the petition. The plaintiffs (appellants) contend that the defendant's answer was not sworn to in compliance with subdivision 11 of article 2010, or with article 3736, R. S. 1925, that said answer was insufficient as a matter of law to overcome the prima facie case made by plaintiffs, and that the trial court erred in refusing to render judgment for the plaintiffs. The itemized verified account which was attached to

the petition was offered and received in evidence without objection on the defendant's part.

Article 2010, R. C. S. subdivision 11, requires that any of the following matters set up in defense in the defendant's pleading shall be verified by affidavit: That the account sued on is not just and shall set forth the items and particulars which are unjust. Article 3736 also requires that the defendant, before an announcement of ready for trial in a cause wherein the suit is based upon a verified account, shall file a written denial under oath that the account is not just or true, in whole or in part, and, if only in part, stating the items and particulars which are unjust.

In defendant's answer to the pleading of plaintiffs on the verified account appears the following allegation: "He further specially denies that he is indebted to the plaintiffs in any sum whatsoever and says that the verified account upon which plaintiffs base their cause of action is unjust in every particular as against him and that he does not owe the plaintiff anything; nor did they furnish the material to this defendant as set out in their sworn itemized account or any part thereof, but on the contrary this defendant would show the court that if said material was furnished by the plaintiffs to anyone, it was furnished to one Chas. Lewis, a contractor, who erected certain improvements for this defendant."

This answer was verified by the defendant as follows:

"A. L. Robertson, being duly sworn says that he is defendant in the above cause. He has read the foregoing allegations and that same are verily true and correct.

"A. L. Robertson, Defendant.

"Subscribed and sworn to before me by A. L. Robertson, this the 7th day of June, A. D., 1930.

"Irma Claye, Notary Public,
"Lubbock County, Texas."

This affidavit appears in the transcript immediately succeeding the defendant's answer.

We do not think that a sworn answer necessarily should take up each item of the account and specifically deny same where the defendant denies that the entire account is just; that he does not owe the plaintiffs anything; that the plaintiffs did not furnish to the defendant as set out the goods itemized in the account. It is an absolute denial under oath of the whole account. Continental Lumber & Tie Co. v. Miller (Tex. Civ. App.) 145 S.W. 735; Olive & Stirnenberg v. Hester, 63 Tex. 190; Rust v. Sanger Bros. (Tex. Civ. App.) 105 S. W. 66; Pittman v. Bloch, 48 Tex. Civ. App. 320, 106 S. W. 724.

The fact that plaintiffs' account was verified does not preclude the defendant from

proving that the account was wrongfully charged against him as a whole and that he did not owe it. This he could have done without a sworn denial. The defendant having denied the justness of the account, he clearly was entitled to show that he was not liable on it. Rotan Gro. Co. v. Tatum (Tex. Civ. App.) 149 S.W. 342; Continental Lumber & Tie Co. v. Miller (Tex. Civ. App.) 161 S. W. 927. The defendant having sworn that he is the defendant in the cause, that he has read the foregoing allegations, and that same are verily true and correct, is sufficient to include the denial of the justness of the account as pleaded. No particular form of affidavit is required by the statutes. In the case of Radford Grocery Co. v. Porter (Tex. Civ. App.) 17 S.W.(2d) 145, cited by the appellants, this court did not hold that the affidavit was not sufficient when applied to a proper pleading, but, referring to the pleading as being sworn to, questioned the sufficiency of the pleading.

■ While defendant was on the stand in his own behalf, testifying that he had a house erected on his ranch by one Lewis, and that the "lumber obtained for the building of such house was the lumber and material that went into the construction of same," and he having testified that he himself had bought no such lumber from the plaintiffs, but that they sold the lumber to Lewis, the contractor, and then offered in evidence a written contract between himself and Lewis in which Lewis contracted with him to erect the building and furnish all labor and materials and which also provided that the defendant should do the hauling of such material, except sand and gravel, to the building site, etc., to the introduction of which contract and evidence the plaintiffs objected because it was irrelevant and immaterial, because it was not shown that the plaintiffs or either of them had any notice of, or were parties to or in any wise bound by such contract, because it is prejudicial and there are no pleadings in the cause to support it in evidence, such evidence comes under the rule of res inter alios acta; it is hearsay and self-serving. The court overruled these objections and permitted the testimony to be introduced in evidence.

The case having been tried before the court, we might ordinarily presume, there being evidence to support the defendant's denial of the indebtedness by him, that the court may not have taken this contract into consideration or that he may have discarded it, but the trial court in his findings of fact, paragraph 1, shows that he based his judgment or conclusions of law in part at least upon such contract. Thus it clearly appears that, if the evidence was subject to the objections urged against it, it was injurious, leading to the rendition of the judgment against plaintiffs.

It appears, as stated from the evidence, that the plaintiffs had testified that the defendant bought the lumber and material from them; the defendant denied this and testified that it was sold by the plaintiffs to Lewis, the contractor. The contract between the defendant and Lewis or the substance of it having been admitted for all purposes, it is apparent that the court considered same as a corroboration of the defendant's testimony.

Whatever question may occur to us as to anything in the evidence which could be charged as putting the plaintiffs, as reasonably prudent men, on notice, was evidently not considered by the court, and cannot be presumed to sustain the court's judgment, for, in plaintiffs' bill of exception No. 1, it is alleged that it is not shown that the plaintiffs or either of them had any notice of the contract. This bill of exception was approved by the trial judge without any limitation or reservation. Hence the plaintiffs had no, notice. Clearly, therefore, the contract or its contents was not admissible, and, having been considered by the court, was error.

■■ The trial court cannot base his judgment on inadmissible testimony. Veal v. Fire Ass'n (Tex. Civ. App.) 30 S.W.(2d) 715; Roberts v. Nowlin (Tex. Civ. App.) 290 S. W. 800; Stockton v. Brown (Tex. Civ. App.) 106 S. W. 423; Limthicum v. Richardson (Tex. Civ. App.) 245 S. W. 713, 716. While the defendant was testifying on direct examination in behalf of himself, in response to interrogatories by his own counsel, after counsel had handed to the witness copy of letter addressed by witness to J. W. Hood of date December 13, 1929, which letter was accompanied by a statement entitled "statement of condition of affairs of Chas. Lewis," the defendant testified: "This is the statement that Sug drew up and the letter that I wrote. This letter is dated Dec. 13, 1929, and is addressed to Mr. Hood, with statement of same date. I enclosed with that letter the two checks, one for $239.17 and the other for $4.80. I stated in there, 'in addition to the above statement, which is the advice of an attorney, I have agreed to go fifty-fifty with Mr. Lewis' creditors in settlement of the remaining indebtedness of this contract and the others accepted my offer.' This is true, I offered to stand half of the loss with all of them, the loss that they incurred on Mr. Lewis' contract. I offered to take half of the responsibility myself if they would take the other half." The letter itself was not offered in evidence, but this testimony was elicited from the witness over the objection of the plaintiffs that same were inadmissible because they are subsequent to the transaction and are self-serving and all occurred after the material was furnished. We confess that we are unable to conjecture upon what theory this evidence was held admissible by the trial court. The plaintiffs alleged in their petition that they sold the defendant a certain bill of lumber. This the defendant denies. After the sale of the lumber was consummated, the defendant prepares or

has prepared a statement of the financial condition of the contractor, Lewis, and, in the letter inclosing it, to Hood, he makes certain statements which he testifies to. It appears from this testimony that, for some reason not disclosed, the defendant was offering to share with the creditors of Lewis the burden of their loss in proportion commonly designated fifty-fifty. The issue was, Did the plaintiffs sell the defendant the lumber? Or, did they sell it to Lewis? That being true, it is immaterial and also self-serving that he offered to suffer along with the creditors in an equal per cent. of loss. Robitzsch & Son v. Taliaferro (Tex. Civ. App.) 237 S. W. 637.

The depositions of one J. S. Edwards were taken in the case, and the defendant offered the following cross-interrogatory propounded to him, together with his answer: "It is true, is it not, that you told Mr. Robertson that when he made payments to Mr. Lewis under the terms of such contract to notify the workmen and materialmen of such payment so they could get their money out of Mr. Lewis; or that you told him substantially as outlined. This is true, is it not?" To this the witness answered, "Yes." This was properly objected to by plaintiffs. This error is harmless, as the plaintiff Hood testified without objection that "young Robertson brought me the check and said his father sent the check to Mr. Lewis and told me to get my money out of it." The plaintiff, without objection, having testified to this, renders the admission of Edwards' answer to the above interrogatory harmless.

There are some remaining questions which it is not necessary for us to discuss, as they will not likely arise on another trial. The discussion of the questions which we have indicated is sufficient to indicate to the trial court the course he should pursue on another trial.

We therefore, for the reasons indicated, reverse the judgment of the trial court and remand the case for a new trial.