## Hugh Hamilton v. Josie E. Bell.

Decided December 17, 1904.

**1.—Trial Withdrawing Plea—Discretion of Court.**

It is within the discretion of the trial court to allow a party to withdraw his plea and enter another after the trial has begun, and an appellate court will interfere with his ruling only in a plain case of abuse of this discretion.

**2.—Same—Contract for Sale of Land—Specific Performance—Authority of Agent.**

After the trial had begun and it was shown from the undisputed evidence that defendant's agent was authorized to close a contract for sale of land, the

specific performance of which was sought to be enforced, the court did not abuse its discretion in refusing to allow plaintiff to withdraw his announcement of ready and swear to a denial of the agent's authority.

**3.—Contract for Sale of Land—Purchase for Immoral Purposes—Evidence—Pleading.**

In a suit to enforce the specific performance of a contract to sell land, evidence that plaintiff intended purchasing the property for the construction of a variety theater thereon to be conducted in an unlawful manner and for immoral purposes was properly rejected, this defense having been stricken from defendant's answer, since the proposed business was not necessarily unlawful or immoral, proof of which could be made without pleading, but depended on the manner in which it would be conducted.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Coleman & Abbott,* for appellant.—1. The court erred, to the prejudice of the defendant, in refusing to allow him to withdraw his announcement of ready for trial in order that he might file a verified answer containing a plea of non est factum. Radam v. Capital Microbe Destroyer, 16, S. W. Rep., 990; Parker v. Spences, 61 Texas, 164; Railway v. Goldberg, 68 Texas, 686; Whitehead v. Foley, 28 Texas, 11; Greeley-Burnham Grocery Co. v. Carter, 30 S. W. Rep., 487.

2. The telegrams passing between the defendant Hamilton and the defendant Autrey, introduced in evidence by the plaintiff, did not clothe the defendant Autrey with authority to bind the defendant Hamilton to execute a general warranty deed. Donnan v. Adams, 71 S. W. Rep., 580; Heath v. Nutter, 50 Me., 378; Howe v. Harrington, 18 N. J. Eq., 495; Bronson v. Coffin, 118 Mass., 156.

3. The law will not extend its arm to compel the specific performance of a contract the execution of which, by the parties themselves, would have resulted in a state of affairs unlawful. 15 Am. & Eng. Enc. of Law (2d ed.), pp. 986, 963, 997; Church v. Proctor, 66 Fed. Rep., 240; Reed v. Brewer, 90 Texas, 144; Burton v. Dupree, 46 S. W. Rep., 272; Standard Furniture Co. v. Van Alstine, 62 Pac. Rep., 145; Hanauer v. Doane, 12 Wallace, 342; Sprague v. Rooney, 104 Mo., 349, 16 S. W. Rep., 505; Adams v. Coulliard, 102 Mass., 167; Eli v. Webster, 102 Mass., 304; Ashbrook v. Dale, 27 Mo. App., 649; Hunistock v. Palmer, 23 S. W. Rep., 294; Taylor on Landlord and Tenant (6th ed.), sec. 644; Waterman on Specific Performance, chap. VII; Paragraph (2), p. 1014, 15 Am. & Eng. Enc. of Law.

4. Proof of the execution of a written instrument is waived by the failure of defendant to file a verified plea of non est factum only where the instrument is sued upon and is charged to have been executed by the defendant; and not in a case of this kind, where the plaintiff by her own pleadings shows that the deed was not executed; that is, delivered and accepted, but was returned to the maker because unacceptable.

*Watkins & Jones* and *Hutcheson, Campbell & Hutcheson,* for appellee.—1. The court, under the facts in this case, properly refused to

allow the defendant, Hamilton, to withdraw his announcement and to swear to his plea, or to continue the case. It would have been a prostitution of manifest justice to have done otherwise. Griffin v. McKinney, 62 S. W. Rep., 79; Dublin v. Railway Co., 50 S. W. Rep., 122; Donnellen v. Adams, 71 S. W. Rep., 581, and the authorities therein cited and the principles therein asserted; Hunter v. Eastham, 67 S. W. Rep., 1081.

2. The evidence offered was not admissible. upon either of the grounds urged against it, or indeed for any purpose. There was no pleading contending such facts. There is no law which constitutes such facts a defense. Rules Dist. and County Courts, No. 2: Brown v. Mitchell, 75 Texas, 14; Hendricks v. Nunn, 46 Texas, 149; Wright v. McKinney, 34 Texas, 570; Fleming v. Swelicson, 57 Texas, 531; Anderson v. Boyd, 64 Texas, 109; Landham v. Welsh, 26 S. W. Rep., 1001; Blaisdell v. Citizens' Bank, 75 S. W. Rep., 292; Bluntzer v. Hursh, 75 S. W. Rep., 326.

3. The unverified answer was simply a nullity; Autrey's agency was an admitted fact. Drew v. Harrison, 12 Texas, 281; Reed v. Brewer, 90 Texas, 149; Yeary v. Cummings, 28 Texas, 94; Lee v. Hamilton, 12 Texas, 417.

GARRETT, CHIEF JUSTICE.—Josie E. Bell as plaintiff filed this suit October 4, 1902, in the District Court of Harris County against Hugh Hamilton for a specific performance of a contract to convey land, and in the alternative against R. L. Autrey for damages for breach of an implied warranty of authority. The contract was a written obligation entered into between the defendant Autrey, purporting to act as agent for Hamilton, and Frank C. Jones, whereby Hamilton, by Autrey as attorney in fact, agreed to sell to Jones two lots of land in the city of Houston. This contract was assigned by Jones to the plaintiff and he was made by her party defendant to the suit. The case was tried October 28, 1903, before a jury, which, according to an instruction from the court, rendered a verdict against the defendant Hamilton for the specific performance of the contract sued upon and rents, and against the plaintiff in favor of the defendants Autrey and Jones. Judgment was entered in accordance with the verdict and the defendant Hamilton was appealed.

The plaintiff claimed that the defendant R. L. Autrey, acting for the defendant Hamilton, on the 27th of February, 1902, contracted in writing to convey to Frank C. Jones lots Nos. 1 and 2, in block No. 41, in the city of Houston, for $7,000; that Jones had conveyed his rights in the contract to her, and she had tendered to the said Hamilton the consideration called for in the contract, but that Hamilton had declined to accept the same or to execute a deed; that if the defendant Autrey was not authorized by the defendant Hamilton to sign such contract, he was liable to her on the breach of an implied warranty of authority. The defendant Hamilton claimed that the defendant Autrey had no authority from him to execute the contract sued on; that is, to bind him to execute a general warranty deed, etc.; and that, furthermore, the plaintiff, and not the said Jones, was the real party at interest in the contract of February 27, 1902, and that

the plaintiff was seeking to acquire the title and ownership of the property for the purpose of using it for immoral and unlawful purposes.

The defendant Hamilton entered into the trial without swearing to his answer denying the authority of Autrey to execute the contract in his behalf, and after the plaintiff had introduced in evidence in support of her cause of action a special warranty deed dated March 1, 1902, from Hugh Hamilton to Frank C. Jones, conveying lots 1 and 2 in block 41, south side of Buffalo Bayou, city of Houston, which was admitted subject to objection made by the defendant; certain telegrams from Hamilton, who was in Philadelphia, to Autrey; the depositions of R. L. Autrey detailing his connection with the transaction; and the evidence of Frank C. Jones, who testified that the defendant Autrey had executed and delivered to him the contract sued upon which was produced in evidence, and which was admitted subject to objection that there was no proof of the authority of Autrey to execute it on behalf of the defendant, and further at length, as to subsequent tender of the purchase money and demand of a deed; also that the defendant Hamilton had sent him the special warranty deed which had been put in evidence, which witness had returned to Hamilton for correction. When the testimony had reached this stage the defendant Hamilton requested the court to allow him leave to withdraw his announcement of ready in order to file a verified plea of non est factum. But the court refused the requested leave and refused to allow the defendant to make proof of the want of authority on the part of Autrey to execute the contract; and also declined to admit evidence that the plaintiff was seeking to acquire title to the property for immoral and unlawful purposes, and directed the jury to return a verdict as above stated.

The evidence showed that in February, 1902, the defendant Hamilton was absent from Houston in the city of Philadelphia and that the defendant Autrey was the secretary and treasurer of the Magnolia brewery, of which Hamilton was the president. One Moskowitz, a real estate agent, saw Autrey several times and told him that he had been instructed by Hamilton to sell the property and asked him to telegraph him certain offers for it. Autrey insisted that it was none of his business but took up the matter with Hamilton by telegraph, submitting offers made by Moskowitz. On February 19 he telegraphed an offer of $6,500 less 5 per cent and requested an answer. Hamilton replied refusing the offer; on February 25 he sent an offer of $6,750, to which Hamilton replied, "Moskowitz $7,000," and thereupon Autrey telegraphed, "Will close with Moskowitz, $6,600 net to you," and on the next day Autrey closed with Moskowitz at $7,000 and entered into the contract sued on, signing it as agent for Hamilton. The contract was executed February 27, 1902, and purported to be between Hugh Hamilton by his authorized agent, R. L. Autrey, party of the first part, and Frank C. Jones, party of the second part, and stipulated that the party of the first part sold to the party of the second part the premises described in consideration of $7,000, to be paid $100 cash and $6,900 on the delivery of the deed. It provided for immediate possession of the property; the furnishing of an abstract, examination of

title, and the execution of a general warranty deed upon payment of $6,900. It provided for time to remedy defects to title, if any, and option on the part of the second party, if the party of the first part should fail to remedy the defects, to treat the agreement as canceled and receive back the $100 paid or to receive a deed to the property on payment of consideration; and forfeiture of the cash payment on failure of the party of the second part to comply.

Jones was buying the property for the plaintiff. She furnished the money with which he was to pay for it and he transferred to her his rights in it. After the return of Hamilton he executed a special warranty deed and sent it to Jones and offered it in compliance with the obligation, and also sent the $100 check and requested that a cashier's check be sent for the entire consideration. The latter supposing that the form of the deed was a mistake, returned it for correction and procured a cashier's check for the money for the entire sum. But the defendant having failed to return the deed Jones converted the money again into cashier's checks for $100 and $6,900 and sent the one for $100 to Hamilton, which was returned to him. Jones then carried both a general warranty deed and a special warranty deed and tendered Hamilton the money and offered to accept either deed, but Hamilton declined to accept the money or to execute either deed. The two cashier's checks for the entire sum of $7,000 in favor of Hamilton were deposited to his order in the Merchants National Bank and remained there. The Merchants National Bank is considered as one of the leading banks in the city.

The defendant complains of the action of the court in refusing to allow him to withdraw his announcement of ready and verify his plea denying the authority of Autrey to execute the obligation sued on. Such a request arising during the progress of a cause is addressed to the discretion of the trial judge, and it is only in a plain case of an abuse of this discretion thus confided to him that an Appellate Court will interfere with his ruling. Fields v. Rye, 24 Texas Civ. App., 272, 59 S. W. Rep., 306; Levin v. Houston, 8 Texas, 94; Griffin v. McKinney, 69 S. W. Rep., 78; Dublin v. Railway Co., 92 Texas, 535. The facts of the case had been fully developed when the motion was made and they did not appeal to the exercise of the discretion of the judge in favor of the request. It appeared also from the undisputed facts that Autrey was authorized to close the sale with Moskowitz at $7,000 and that this was done, and to have allowed the defendant to withdraw his answer and swear to a denial of the authority would not have made any testimony admissible that could have disputed the admitted facts. The trial judge did not abuse his judicial discretion to refuse the defendant's motion. Such being the state of the pleading there was no error in the action of the court refusing to allow the defendant Hamilton to assume the burden of proof to show that Autrey did not have authority to execute and sign the contract sued on.

The fifth assignment of error is without merit.

The sixth assignment of error complains of the exclusion of evidence offered by defendant to show that the plaintiff intended to purchase the property for the construction of a variety theater to be conducted

in an unlawful manner and for immoral purposes. This defense was set up in the fourth paragraph of the defendant's answer and was stricken out by the court on a special exception directed thereto by the plaintiff, and the evidence was excluded on the objection that there was no pleading to support it.

It has been held that such defense can be raised without pleading. Pasteur Vaccine Co. v. Burkey, 22 Texas Civ. App., 232; Texas & P. Coal Co. v. Lawson, 89 Texas, 394. We are of the opinion, however, that the court properly refused to enter into the inquiry of whether the plaintiff intended to conduct in an immoral or unlawful manner a variety theater on the premises. The business she proposed to conduct was not necessarily unlawful or immoral. That depended on the manner in which it would be conducted, and would necessarily be left to regulation by the police authorities. The evidence offered amounted to no more than conclusions of the witnesses that the plaintiff intended to conduct a business lawful in itself in an illegal and immoral manner.

The remainder of the assignments of the defendant are addressed to admissions of portions of the witness Jones' letter written to the defendant. They were properly admitted as part of a correspondence. There is no error in the judgment and it will be affirmed.

*Affirmed.*