BERGMAN PRODUCE CO. v. BROWNE.

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1911.)[1]

1. CONTINUANCE (§ 6*)—RIGHT—FILING ANSWER ON DAY OF TRIAL—APPLICATION OF STATUTE.

Plaintiff sued upon an itemized verified account for goods sold, and on the day of trial defendant filed a sworn answer alleging that he owed plaintiff nothing when the petition was filed except $15, which was not then due and which he tendered into court, and pleaded accord and satisfaction and claimed certain credits not allowed in plaintiff's account which, with the exception of $15, was alleged to be a full settlement of the account. Rev. St. 1895, art. 2323, provides that, when an action is founded on a verified open account, it shall be taken as prima facie evidence of that fact, unless the other party files a written denial under oath, provided that, when the counter-affidavit shall be filed on the day of trial, plaintiff shall have the right to continue the cause until the next term. Held, that the answer raised the issue of the truth of the verified account so as to entitle plaintiff to a continuance as a matter of right.

[Ed. Note.—For other cases, see Continuance, Dec. Dig. § 6.*]

2. ACCOUNT, ACTION ON (§ 13*)—SUFFICIENCY OF ANSWER—SATISFACTION.

An answer, in an action on a verified account, admitting that defendant had bought all the items set out, and alleging that at the time the suit was brought he owed nothing, claiming that he had paid all that he owed except a sum that was not due at the time of the filing of the suit, and which he tendered in court, and specially pleading payment, settlement, and an accord and satisfaction, states a good defense.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 39; Dec. Dig. § 13.*]

Appeal from Cottle County Court; W. E. Bray, Judge.

Action by the Bergman Produce Company against R. C. Browne. From a judgment for defendant, plaintiff appeals. Reversed and remanded for new trial.

Magee & Ratliff, for appellant. Brown & Warlick, for appellee.

[1] Filed in the Court of Civil Appeals for the Second Supreme Judicial District of Texas at Ft. Worth February 6, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

PRESLER, J. This is a suit by appellant against appellee upon an itemized account, verified under the statute, for goods, wares, and merchandise sold appellee during the year 1910, at his special instance and request. Appellee answered by demurrer and by sworn plea, admitting that he had bought all of the items set out in appellant's petition on or about the dates alleged, and that at the date of the filing of the suit he did not owe appellant any sum, claiming that he had paid appellant all that he owed, except the sum of $15.85, which was not due at the time of the filing of this suit, and which he tendered in court; and further specially pleading certain alleged facts of payment, settlement, and agreement, constituting a plea of accord and satisfaction, claiming certain discounts, credits, and offsets against appellant's account not allowed therein, and on the whole claiming the full settlement and satisfaction of appellant's account, with the exception of the $15.85 alleged not to have been due at the time of suit, and praying that he be discharged with his costs and that he be also allowed interest at 6 per cent. per annum on the sum of $425 withheld from appellee because of a writ of garnishment caused to be issued by appellant on the 6th day of August, 1710, against the First State Bank of Paducah. A trial before the court without a jury resulted in a judgment in appellee's favor, substantially as prayed for, from which judgment appellant duly appeals to this court and here assigns error.

[1] It appears from the record that upon the filing of appellee's amended petition, submitting the issues hereinbefore set out, on the day of trial, appellant applied for a continuance under article 2323, R. S. 1895, and here assigns as error the action of the court in overruling said application. The statute referred to reads as follows: "When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is within the knowledge of affiant just and true, that it is due, that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall before an announcement of ready for trial in said cause, file a written denial under oath, stating that such account is not just or true in whole or in part and if in part only, stating the items and particulars which are unjust, provided that when such counteraffidavit shall be filed on the day of the trial, the party claiming under such verified account shall have the right to continue such cause until the next term of court. When he fails to file such affidavit, he shall

not be permitted to deny the account, or any item therein, as the case may be."

While it will be observed from appellee's pleadings that he admits that he purchased the items of the account sued on, and that appellant's petition shows a good cause of action, unless subject to be defeated by the matters set out in appellee's sworn answer, that he in effect attacks appellant's verified account in whole as being unjust and untrue, in that certain payments and credits claimed by appellee and amounting to a settlement in full of said account are not allowed therein, and by his pleading the justice and correctness of the entire account as a basis for any demand whatever against appellee, is put in issue. We therefore conclude that both the petition of plaintiff, setting out the verified account and the sworn answer thereto of appellee, come under the statute, and said answer having been filed on the day of trial, tendering said issues for the first time, appellant was entitled to a continuance as a matter of statutory right, and that the court below erred in overruling said application.

In the case of S. A. & A. P. Ry. Co. v. Lester, 99 Tex. 220, 89 S. W. 754, the Supreme Court, discussing the question of the competency of certain jurors, who had not paid their poll taxes, to sit on the jury, and the question of appellant's statutory rights thus involved, says: "The question of the importance of the rights to the defendant is not a matter for judicial determination; that has already been decided by the Legislature, and the defendant, having been denied a positive legal right, suffered an injury which entitled it to a reversal of this case."

Appellant, in its brief, insists that no statutory application, such as is required under article 1276, R. S., was ever made in this case or shown by the record herein. We think it a sufficient answer to this contention to state that the order of the court, as appears from the record, recites that (the ruling complained of by appellant) was made upon appellant's application for a continuance, stating the grounds thereof (which are shown by the record to exist), and that appellant duly excepted to the ruling of the court and gave notice of appeal therefrom.

Appellant's remaining assignments complain of the judgment rendered as not supported by the law and the evidence, and, in view of the necessity to reverse and remand this case because of error of the court in refusing to grant the continuance applied for by appellant, we do not consider it proper to here discuss the sufficiency of the evidence.

[2] We will state, however, that in our opinion appellee's pleadings present a good and sufficient defense to plaintiff's cause of action to admit evidence in support of the same.

For the errors hereinbefore pointed out, we conclude that this cause should be reversed and remanded for a new trial, and it is, accordingly, so ordered.