## GULF REFINING CO. v. NELSON.
### (No. 8481.)

(Court of Civil Appeals of Texas. Dallas. Jan. 29, 1921.)

1. **Account, action on** ⊜⇒12—**Effect of verified account may be nullified by answer under oath.**

Where by answer under oath defendant denied an account verified in accordance with Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, the probative effect of the verified account is destroyed, and it is insufficient to establish prima facie proof of debt which otherwise could be established thereby.

2. **Appeal and error** ⊜⇒555 — **In absence of fundamental error judgment will be affirmed on striking out bills of exceptions.**

Where all bills of exception and assignments of error were stricken from the record, and there was no fundamental error apparent in the pleadings, charge, or judgment, the judgment must be affirmed.

Error from Dallas County Court; W. L. Thornton, Judge.

Action by the Gulf Refining Company against J. H. Nelson who filed a plea in reconvention. Affirmative judgment for defendant, and plaintiff brings error. Affirmed.

F. C. Proctor and E. S. Phelps, both of Houston, for plaintiff in error.

J. D. Cottrell, of Plano, for defendant in error.

HAMILTON, J. [1] Plaintiff in error sued defendant in error in the county court of Dallas county for a balance alleged to be due upon open account amounting to $316.85. The account was duly and properly itemized and verified so as to be introduced as evi-

dence for the purposes and to the effect authorized by article 3712, Sayles' Rev. Civ. Stats. But defendant in error timely filed a countervailing verified pleading in compliance with the provisions of the above article to the effect that the account sued upon was "unjust and untrue, and that he did not owe plaintiff any sum whatever." The effect of this verified answer was to neutralize the probative force of the verified account under the statute and render it insufficient to establish prima facie proof of the debt. Article 3712, Vernon's Sayles' Rev. Civ. Stats.

Besides denying the account and alleging under oath that it was unjust and untrue and that he owed plaintiff in error nothing, defendant in error reconvened and prayed for recovery of $214.38, alleging that in a final settlement he had overpaid plaintiff in error in this amount, which excess payment he had thereafter discovered.

The case was tried before a jury, and in answer to special issues submitted by the court the jury found that on December 31, 1918, defendant paid plaintiff in full and also overpaid it in the sum of $121.50. Judgment was accordingly entered for defendant and against plaintiff for $121.50.

[2] The record contains no bills of exceptions to any of the proceedings below. Heretofore upon motion of defendant in error the assignments of error were stricken out by this court. The case is before us without either bills of exceptions or assignments of error. We have examined the pleadings, the charge of the court, and the judgment. No fundamental error is apparent upon the record.

The judgment is affirmed.