### KIMBALL-MATHEWS CO. v. NAGEL.
### (No. 6623.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 16, 1921. Rehearing Denied Dec. 14, 1921.)

1. Sales ⬤⟹340—Manufacturer of goods entitled to full contract price.

Where an order was given for folders for use in incasing photographs, and they were specially manufactured for the purchaser, and embossed with his trade-name and address, and were worthless for any other purpose, and could not be disposed of, the seller, on cancellation of the contract or refusal to accept by the purchaser, was entitled to recover the full compensation agreed upon, goods to be held subject to the order of the purchaser.

2. Evidence ⬤⟹441(9) — Oral agreement held not admissible.

One who signed an order for folders for incasing photographs, containing a stipulation, "all items in this order are to be made special, and it is hereby agreed that orders shall not be subject to countermand," cannot prove that seller's agent prior to the execution of the agreement represented that purchaser could cancel or countermand any part of the order on 45 to 60 days' notice, and that purchaser did not read the paper because he believed that it was in accordance with such representation, in that agent said, "Now you sign here," purchaser being guilty of inexcusable negligence, and no fraud being shown.

3. Depositions ⬤⟹44—Interrogatory held not objectionable as leading.

An interrogatory propounded in taking deposition, "State whether or not the goods, wares, and merchandise ordered from your company by F. were shipped out of stock, or was it necessary to manufacture the same specially; and if you say that it was necessary to manufacture the same specially, say whether or not such goods, wares, and merchandise could have been disposed of by you to other customers, and if you answer that in the negative, say why

these particular goods could not have been used by other customers," was not open to objection as a whole that it was leading, and court erred in striking it all out.

4. Depositions ⬤⟹107(3)—Objection to admission of interrogatory held one which should be made in written motion.

An objection as leading to an interrogatory in a deposition, "State whether or not the goods, wares, and merchandise ordered from your company by F. were shipped out of stock, or was it necessary to manufacture the same specially; and if you say that it was necessary to manufacture the same specially, say whether or not such goods, wares, and merchandise could have been disposed of by you to other customers, and if you answer that in the negative, say why these particular goods could not have been used by other customers," went to the form and manner of taking the depositions, and should have been made in a written motion filed and presented before the trial, rather than orally upon the trial, under Rev. St. art. 3676.

5. Appeal and error ⬤⟹728(3), 742(4)—Assignment of error to exclusion of testimony held waived where not setting out evidence.

An assignment complaining of the exclusion of parts of depositions of witness must be regarded as waived where it does not purport to show by statement or otherwise the nature of the testimony excluded or of the objection thereto.

6. Depositions ⬤⟹110—Statement in deposition as to indebtedness held admissible as against objection urged.

An answer to an interrogatory in deposition that defendant was indebted to plaintiff "in the sum of $3,031.56, as per copy of ledger account showing all debits and credits," attached to the deposition, was not open to general objection that proper predicate had not been made, where the witness on cross-examination stated that he had answered each and every interrogatory "upon my actual knowledge of the facts testified to, and upon the records of the transaction," and defendant cannot urge that the witness did not show what part of his testimony was based upon the personal knowledge and what part upon record, since the burden was upon him to ascertain by cross-examination what portion of the testimony was inadmissible, and then confine his objection to that portion.

7. Evidence ⬤⟹271(22), 314(1)—Answers held not open to objection as hearsay or self-serving.

Testimony in detail in depositions as to manufacture, accounting, wrapping, packing, and shipping of goods ordered by defendant was improperly excluded upon objection made by defendant that the same was "hearsay and self-serving, where witness had testified, in answer to defendant's cross-examination, 'answers made by me are based upon my own knowledge of the manufacture of the goods called for by the question.'"

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Kimball-Mathews Company against F. E. Nagel. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Cocke & Russell, of San Antonio, for appellant.

Robert G. Harris, of San Antonio, for appellee.

SMITH, J. F. E. Nagel, operating a photographic studio in San Antonio, gave the Kimball-Mathews Company a written order, in the form of a contract executed by both parties, for certain stationery supplies, at agreed prices, aggregating $3,552.75, to be delivered from time to time f. o. b. cars at Columbus, Ohio, where the company was engaged in the business of manufacturing and selling photographic supplies. The supplies in question, which were to consist of folders for use in incasing photographs, were to be specially manufactured for Nagel, and embossed with the latter's trade-name and address. The contract contained a stipulation that—

"All items in this order are to be made special, and it is hereby agreed that orders shall not be subject to countermand."

The order was given on May 8, 1918, and in supplemental agreements it was provided that shipment of parts of the order would be made from time to time, and finally completed by January 1, 1919.

On October 7, 1918, Nagel wrote the company, asking that the shipment of certain items in the order be deferred until March or April, 1919, and advising that, if the company could not "hold shipment that long, I wish the balance of order canceled," giving as a reason that the military camps in and around San Antonio were all under quarantine, and "business is absolutely down to nothing." The company received this advice on October 10, and promptly advised appellee that it could not cancel the order as requested, for the reason that the manufacture and printing of the goods had been completed.

This suit was brought by the company against Nagel for $3,031.56, being the agreed price fixed in the contract, less $546.40 paid thereon by appellee. On the day of the trial Nagel tendered into the registry of the court the sum of $1,270.11, admitting that such amount was due the company upon goods received and accepted by him. Upon a trial before the court without a jury, the company introduced its testimony, at the close of which, and without himself offering any testimony, Nagel moved for judgment, and in accordance with the motion the court entered judgment in favor of the company for $1,270.11, the amount tendered by Nagel, with interest from January 1, 1919. From this judgment the company brings this appeal.

The trial court denied recovery to appellant for that portion of the goods not actually received and accepted by appellee, upon the stated ground that appellant sued only for the contract price of all the goods ordered, whereas its remedy as to the goods not received and accepted by appellee was a suit for damages for breach of contract, to be measured by the market value of such goods in the condition they were in when the order therefor was canceled, and that, as there was no evidence establishing such measure, appellant's suit must fail.

[1] As has been shown, the goods involved were of such nature as to require that they be made specially for appellee. The contract between the parties so provided, and because of such condition it was expressly stipulated that the order was not subject to countermand by appellee. About the time the manufacture of the goods was completed, appellee made a request that the order for the undelivered portion of the goods be canceled in event appellant could not withhold delivery until a period later than that stipulated in the agreement. The goods having been made specially for appellee, and embossed with appellee's trade-name and address on each article, it is undisputed that they were worthless for any other purpose, and could not be disposed of by appellant to any other purchaser. Appellant having complied with its contract, it was entitled to the full compensation agreed upon therein. Appellee having refused to accept the goods, it is plain that appellant's legal remedy, and the only remedy affording it the full protection it was entitled to, was to hold the goods subject to the order of appellee, and sue the latter for the contract price thereof. Bruck Bros. v. Lipman, Spier & Hahn, 228 S. W. 303, and authorities there cited.

[2] In his answer in the trial court appellee alleged that, prior to the execution of the contract by the parties, appellant's traveling salesman, one Howard, represented to appellee that the latter could cancel or countermand any part of the order if notice thereof should be given appellant from 45 to 60 days before shipping date but that, as appellee afterwards discovered, the written order or contract did not contain such stipulation, but, on the contrary, embraced an express stipulation that the order was not subject to countermand by appellee, and appellee sought to avoid the latter and enforce the former stipulation by these further allegations:

"And said Howard did not call defendant's attention at any time before, at, or after said defendant's signature was affixed to said paper that the printed provision against countermand, hereinbefore referred to, was therein contained, and defendant did not read said contract to see

that the agreement with reference to cancellation and countermand was therein written, defendant believing that said Howard had written such agreement therein when said Howard, without saying more than substantially this, 'Now you sign here,' handed to defendant said paper for his signature. On the contrary, defendant, having full faith in the said Howard, relied upon the act of said Howard in handing him the paper for his signature as a statement in effect that he (said Howard) had written such agreement upon the paper in question, and that such paper contained all the writing relating to the agreement for cancellation and countermand; that, but for defendant's said faith in the said Howard, and in his act of handing the said paper for defendant's signature, that the same contained such agreement, defendant would have read the same; but defendant was, by such language, acts, and conduct upon the part of said Howard, misled and deceived, to defendant's injury."

Appellant interposed special exceptions to these allegations, upon the familiar grounds that by them appellee sought to vary the express terms of a written contract by anterior parol agreements; that the allegations were not sufficient to charge appellant with fraud, and simply showed inexcusable negligence on the part of appellee in failing to read the contract before executing it. We think these exceptions were well taken, and accordingly sustain appellant's second to fifth assignments of error, inclusive. Belcher v. Mulhall, 57 Tex. 17; Barnes v. Early-Foster Co., 228 S. W. 248; Gale Co. v. Finkelstein, 59 S. W. 571; Murray Co. v. Putman, 61 Tex. Civ. App. 517, 130 S. W. 631.

[3-5] In taking the depositions of one Lodge, its secretary and general manager, appellant propounded the following interrogatory to said witness:

"State whether or not the goods, wares, and merchandise ordered from your company by F. E. Nagel were shipped out of stock, or was it necessary to manufacture the same specially; and if you say that it was necessary to manufacture the same specially, say whether or not such goods, wares, and merchandise could have been disposed of by you to other customers, and, if you answer that in the negative, say why these particular goods could not have been used by other customers."

Upon the trial, when appellant offered this interrogatory and the answer of the witness thereto, appellee objected, upon the ground that the question was leading, in that it suggested to the witness the desire of appellant for a "negative" answer. The court sustained this objection, whereas, in our opinion, it should have been overruled. This interrogatory first required the witness to say whether the goods were taken out of stock, or were specially manufactured for appellee's use. This was the basic question in the interrogatory, and permitted neither an affirmative nor negative answer, and was in no

sense leading. The witness answered this question by saying the goods were manufactured specially, and embossed with appellee's trade-name and address. This question and answer were clearly admissible. The objection went to the whole interrogatory, which embraced two distinct questions, and, even if the second question was subject to the objection, which is doubtful, the entire interrogatory and answer should not have been stricken out on that account, as was done. Moreover, the objection made went to the form and manner of taking the depositions, and should have been made in a written motion filed and presented before the trial, rather than orally upon the trial, as was done. Article 3676, R. S.; Hugo v. Hirsch, 63 S. W. 163; Ohio Co. v. Black, 149 S. W. 735. For these reasons the sixth assignment of error is sustained. The seventh assignment, complaining of the exclusion of certain parts of the depositions of the same witness, must be regarded as waived, since it does not even purport to show, by statement or otherwise, the nature of the testimony excluded, or of the objections thereto. For a similar reason the eighth assignment of error cannot be considered.

[6] By its ninth assignment of error appellant complains of the exclusion of the testimony of its treasurer, in answer to a written interrogatory, to the effect that appellee was indebted to appellant "in the sum of $3,031.56, as per copy of ledger account, showing all debits and credits," attached to the depositions of the witness. Both the answer and exhibit were excluded upon the objections that—

The "proper predicate under shopbook rules had not been laid; that the books were kept as original books from day to day, whether they were made from memory, whether they are the original entries by the person who had charge of the transaction in person, and that they must be proved up in the regular way."

These objections are rather general and vague, so much so, in fact, as perhaps to be unavailable for the purposes offered. In view of another trial, however, we will suggest that the general answer of the witness as to the amount of the debt is not subject to the objections made, since on cross-examination the witness stated that he had answered each and every interrogatory "upon my actual knowledge of the facts testified to and upon the records of the transaction." Appellee urges that, because the witness did not show what part of his testimony was based upon personal knowledge and what part upon records, the whole of his answer should have been excluded. But this is not the rule. The burden was upon appellee to ascertain by cross-examination what portion of the testimony was inadmissible, and confine his objection to that portion. The bill

of exception showing this transaction does not set out enough of the testimony of this witness to show that the statement attached to his depositions was admissible for the purpose of proving the account.

[7] The witness Kroettinger, appellant's superintendent, testified in detail in his depositions as to the manufacture, counting, wrapping, packing, and shipping of the goods ordered by appellee. This testimony was excluded upon objection made by appellee that the same was "hearsay and self-serving, because witness had testified, in answer to defendant's cross-examination, 'Answers made by me are based upon my own knowledge of the manufacture of the goods called for by the question.'" This testimony was in no sense subject to the objection made, and should have been admitted. The tenth assignment of error is sustained.

The remaining assignments of error relate to matters that will not probably arise upon another trial, and need not be discussed here. The judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes