### GUSTAFSON v. ZUNKER. (No. 7067.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924. Rehearing Denied Feb. 6, 1924.)

1. **Account, action on** ⊂⊃12—**Plaintiff not required to put verified account in evidence, when denied.**

Though verified account was attached to petition and made a part thereof, plaintiff was not called on to place it in evidence, where it was met by an answer, properly verified, denying its justness, as its effect as evidence was destroyed by the answer.

2. **Evidence** ⊂⊃589—**Testimony of party held not to destroy other testimony in case.**

Testimony of plaintiff that there was due him $252.60, and that he thought defendant owed at least half of it, did not destroy other testimony in the case, which showed that defendant either owed the whole account or nothing at all.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Action by August Zunker against Albin Gustafson. Judgment for plaintiff, and defendant appeals. Affirmed.

Paul H. Brown, of Karnes City, and C. L. Bell, of San Antonio, for appellant.

John W. Thames and W. T. Scarborough, both of Kenedy, for appellee.

FLY, C. J. This action was brought by appellee against appellant and Manuel Landa to recover $252.60, alleged to be due for services performed in ginning 27 bales of cotton.

Attached to the petition, and made a part thereof, was a verified account, which was duly met by an answer, properly verified, stating that such account was not just or true in whole or in part. The cause was tried by jury, and verdict and judgment rendered for appellee.

[1] Appellant contends that appellee could not recover, because he did not put his verified account in evidence. The evidentiary character of the verified account was destroyed by the sworn answer denying its justice, and it was only a part of the pleading, just as it would have been, had it not been verified. It was under the statute prima facie evidence of the justness and truth of the account and if not denied would have made out a case in itself, but its effect as evidence was destroyed by the sworn answer, and appellee was not called upon to place it in evidence, for the simple reason that it was not evidence. Pittman v. Bloch Co., 48 Tex. Civ. App. 320, 106 S. W. 724; Continental Lumber Co v. Miller (Tex. Civ. App.) 145 S. W. 735; Railway v. Western Coal Co., 60 Tex. Civ. App. 248, 127 S. W. 245; Gulf Refining Co. v. Nelson (Tex. Civ. App.) 227 S. W. 549.

[2] Appellee swore that there was due him $252.60, and that he thought appellant owed at least half of it, and it is insisted that the statement would prevent a recovery for more than one-half of the account. That supposition of appellant did not destroy the other testimony in the case, which showed that appellant either owed the whole account or nothing at all. Appellant made the debt his by a promise given to the daughter of appellee, who kept books for her father. Appellant did not promise her to pay the debt of another, but made it his own debt, and agreed to pay it.

There is no merit in any of the assignments of error, and the judgment will be affirmed.