### WALKER–SMITH CO. v. WATSON et al.
### (No. 1736.)

(Court of Civil Appeals of Texas. El Paso. March 26, 1925. Rehearing Denied April 16, 1925.)

1. Pleading ☉⟾352—Plaintiff suing on open account not entitled to have answer, filed on day of trial, stricken, in view of statutory right to continuance.

Where, in suit on verified open account, one of defendants, on day of trial, filed denial under oath, as provided by Rev. St. art. 3712, plaintiff was not entitled to have such answer stricken on ground of surprise, in view of plaintiff's statutory right to continuance.

2. Account, action on ☉⟾12—Verified open account properly excluded where denied under oath and its correctness not shown.

In suit on verified open account, where defendant denied under oath justice of items of account, as provided by Rev. St. art. 3712, and no competent evidence of correctness of account was introduced, court properly excluded such account.

Appeal from Haskell County Court; R. E. Lee, Judge.

Action by the Walker-Smith Company against T. J. Watson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ratliff & Ratliff, of Haskell, for appellant.
A. J. Smith and W. H. Murchison, both of Haskell, for appellees.

HIGGINS, J. [1] Appellant sued Watson, Hays, and Odell upon verified open account for goods, wares, and merchandise alleged to have been sold and delivered to Watson. As against Hays and Odell, it was alleged they had purchased from Watson the latter's stock of merchandise in violation of the Bulk Sales Law. Long before the date of trial, Hays and Odell had denied under oath the justice of all of the items of the account as provided by article 3712, R. S. The case had been pending for months without an answer by Watson. Upon the day of trial, Watson filed a like denial under oath of the justice of the account. Appellant moved to strike out the answer of Watson upon the ground that it was surprised thereby and because the answer had been filed for delay. The motion was overruled and error is assigned to this action. The matter presents no error. If appellant was surprised by the delayed filing of the answer, it had the statutory right to a continuance, and it should have availed itself of that privilege. Article 3712, R. S.; Bergman Produce Co. v. Browne (Tex. Civ. App.) 141 S. W. 153.

[2] Upon the trial appellant offered the account in evidence, and upon objection the same was excluded. This action is also assigned as error, but appellant in its brief admits it "does not insist very much that the account was admissible in evidence under the facts." The verified statutory denial having been filed, and no competent evidence adduced of the correctness of the account, the court properly excluded it.

This disposes of all the assignments.

Affirmed.

---

☉⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes