### ANIOL et al. v. ANIOL et al.
### No. 9133.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1933.

Rehearing Denied July 15, 1933.

John P. Pfeiffer and Geo. W. Huntress, both of San Antonio, for appellants.

Tom J. Newton, Sr., and Sam G. Newton, both of San Antonio, for appellees.

MURRAY, Justice.

Henry Aniol, appellee, instituted this cause in the district court of Bexar county, Tex., seeking to cancel six deeds made by him, acting for himself and as the independent executor of the estate of Agnes Aniol, deceased, to his six sons, namely, Manuel Aniol, Frank Aniol, Fred Aniol (and wife, Emelia Aniol), Julian Aniol, Alexander Aniol, Pete Aniol (and wife, Regina Aniol), conveying certain real property situated in Bexar county, Tex.

Appellee alleged that said deeds were secured through the fraud of his sons. That said sons represented to him that all the property he possessed was the community property of himself and wife and that as the surviving spouse he would be required to execute deeds partitioning this property, under the provisions of a joint will executed by himself and wife, which representations were false.

In a supplemental petition appellee set up that these misrepresentations were made through an attorney employed by his sons. He further alleged that he had never received any consideration of any character for his property.

Under a will signed by both Henry Aniol and Agnes Aniol, their two minor daughters,

Annie Aniol and Margaret Aniol, were each given $1,000. This will had been duly probated as the will of Agnes Aniol, deceased, before the execution of the six deeds.

Upon the trial of the cause, before the court without the intervention of a jury, a judgment was rendered giving Annie Aniol judgment for the sum of $1,000 and Henry Aniol was given judgment canceling said deeds. Appellants have brought this appeal.

Appellants contend that the trial court erred in not sustaining their general demurrer upon two grounds: (1) That the misrepresentations were merely the expression of an opinion, and (2) that the representations, being in effect a statement as to the law of this state and a matter which each party had an equal opportunity to investigate and know, could not constitute fraud and stated no grounds for rescission until the further allegation was made that the representations were made by an attorney employed by appellants, and that this allegation was set up for the first time in a supplemental petition.

■ We do not agree with this contention. The representations were more than mere opinions; they were positive statements of what the law of this state was with reference to this transaction. It is true that it took the further allegation, that it was made by an attorney, to make such statements actionable fraud, otherwise appellee would have no right to rely upon such statements. But when an attorney, who is learned in the law, informs a layman, who is not learned in the law, that the law is a certain thing, then both parties are not on equal footing and the layman has a right to rely upon the statement of one supposed to have a superior knowledge of the matter. The allegation with reference to the attorney was made in the supplemental petition, no exception was directed to such supplemental petition because it contained such allegation, and appellants thereby waived their right to have such matter set up by amendment of the petition. St. Louis S. W. Ry. Co. of Texas v. Larkin (Tex. Civ. App.) 34 S.W.(2d) 693, 699. Jones, C. J., in delivering the opinion of the court, said: "A defendant, however, can waive the fact that a ground of recovery is presented only by supplemental petition by failing to object to the manner in which a plaintiff has pleaded a cause of action. * * *" Glenn v. Dallas County, etc., 114 Tex. 325, 268 S. W. 452.

■ Appellants next complain of the trial court's action in overruling their motion for continuance. This motion was made upon the ground of surprise. At the time of going to trial the court appointed a guardian ad litem to represent the minor, Annie Aniol.

This guardian ad litem filed an answer for the first time claiming $1,000 under the will of Agnes Aniol. Appellants do not show in their motion, or otherwise, that they were injured by the refusal of this continuance. There was no error in overruling this motion. The motion was also based upon surprise, with reference to the answer filed by Maggie Aniol Deptowa, and the filing of a trial amendment. The same thing is true of these grounds as of that above discussed. The trial court did not abuse his discretion in overruling this motion for a continuance.

■■ The evidence is conflicting as to whether or not Henry Aniol was induced to execute these deeds as a result of fraud practised upon him. The trial judge has decided this conflict in favor of Henry Aniol, and there being evidence in the record to sustain his finding, we will not here disturb same. No request was made for findings of fact and conclusions of law, and in the absence of same it will be presumed that all findings in support of the judgment rendered, which are supported by evidence, were made by the trial court.

■ The will probated is the will of Agnes Aniol, was signed by her and her husband, Henry Aniol, but such will was not a mutual will, contractual in its nature, so that Henry Aniol could not change his will after the death of Agnes Aniol.

■ The will was duly probated as the last will of Agnes Aniol and contained a provision for the payment to Annie Aniol of the sum of $1,000. There was no error in the trial court's judgment decreeing that this legacy be paid out of Agnes Aniol's estate.

Appellants complain that they had entered upon the respective tracts of land so deeded to them, using, cultivating, and enjoying the same; that they had grubbed the land and made other improvements thereon; that they had also paid taxes on the land. They complain that Henry Aniol had made no offer of restitution to them and that the judgment does not place them in status quo.

■ Appellants did not allege or prove the amount of such taxes, or the value of such improvements. It was their duty to do so. Furthermore, they had the use of the land, and there is no showing that the value of the use of the land does not exceed the amount of taxes and improvements made. Under such circumstances the trial court did not commit error in not requiring Henry Aniol to make restitution with reference to such improvements made and taxes so paid.

Finding no reversible error in the judgment of the trial court, it will be affirmed.