## BLOCK v. TARRANT WHOLESALE DRUG CO.

### No. 10993.

Court of Civil Appeals of Texas. Galveston.
March 21, 1940.

Morris Pepper and Charles E. Heidings-felder, Jr., both of Houston, for appellant.

L. Edward Mooney, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, denying the appellant any recovery against the appellee, upon a sworn account for a claimed balance of $695.60, which he, as the assignee of Ambrose & Company, had declared upon as being due by the Drug Company for merchandise it was alleged to have purchased during the months of November and December, 1936, from Ambrose & Company.

Among other answering pleas, the appellee filed in writing a sworn denial of the account, as well as of the justness thereof, in whole or in part.

The only evidence offered by appellant in support of his cause of action was the deposition of Jay L. Ambrose, which had been taken in Denver, Colorado, pursuant to the Texas statute.

The appellant offered such witness' answers to all direct interrogatories, which the court admitted, except inquiries 8 and 13, these being excluded on objection that the witness had not been qualified to testify as to certain values; whereupon the appellee introduced his answers to the cross-interrogatories, in which the witness admitted unequivocally that all his testimony so given on direct examination in reference to the accounts involved in the controversy had been made by him from his books and records—none of them from his own knowledge or memory.

Thereupon, the court, on motion of the appellee, struck out all such testimony of the witness, on the holding that the same was secondary evidence, that appellant had not complied with the "shop-book" rule in proving up the books of account involved; appellant then, at that stage, after he had proceeded to trial and had so introduced his testimony, asked leave of the court to withdraw his announcement of ready, which was denied, whereupon he rested his case, without offering any further testimony; this action was followed by the court's entering the judgment indicated in favor of appellee.

Under the disposition determined upon for this appeal after a careful consideration thereof, no written opinion is required of this court; but in deference to the zeal and assistance of counsel for both sides in having painstakingly briefed it for consideration here, this brief statement of the grounds upon which an affirmance will be entered is made:

■ (1) The deposition as such was not stricken out, as appellant urges, but merely the answers of the witness Ambrose, which were shown to have become inadmissible, by reason of his admission on cross-examination that he had testified wholly from his books and in no instance from his memory; the law in such an instance being that, as against the sworn denial in writing of an account, questioning its justness in whole or in part, its prima facie character of proof is destroyed, and the cause of action thereby sought to be presented must·be proven as in ordinary cases; R.S. Article 3736; Walker-Smith Co. v. Watson, Tex.Civ.App., 271 S.W. 224; Gustafson v. Zunker, Tex.Civ.App., 257 S.W. 1114; Gulf Refining Co. v. Nelson, Tex. Civ.App., 227 S.W. 549; Continental Lumber & Tie Co. v. Miller, Tex.Civ.App., 145 S.W. 735.

■ (2) There was no sufficient showing made to admit secondary evidence of the contents of Ambrose & Company's books of account, in that appellant did not explain his failure to produce the original books, either by showing that they had been lost or destroyed, or that they were beyond the court's jurisdiction, or even that—by the exercise of ordinary diligence—they could not have been produced in court; 17 Tex.Jur., p. 486, § 189; Locke v. Wallingford, Tex.Civ.App., 265 S.W. 1086; Clay v. Richardson, Tex.Civ.App., 9 S.W.2d 413, 38 S.W.2d 849.

■ (3) Neither was it shown that. the secondary evidence of the witness Ambrose was from books of Ambrose & Company that were so kept as to render the books themselves admissible; nor that the entries tendered as coming therefrom had been made in such books of the company in the regular course of its business at about the date of the transactions here involved, or that the entries were such as to indicate what the charge was for, or that the entries offered had been made by one duly authorized; 17 Tex.Jur., p. 506, § 201; Locke v. Wallingford, Tex.Civ.App., 265 S. W. 1086; Caldwell v. McGarvey, Tex.Civ. App., 285 S.W. 859; Stark v. Burkitt, 103 Tex. 437, 129 S.W. 343; Kimball-Mathews v. Nagel, Tex.Civ.App., 235 S.W. 318.

■ (4) It having undisputedly appeared that all the stricken testimony of the witness Ambrose had been taken from his books, and none from his own knowledge or memory of the transaction, it was thereby rendered incompetent, hence was properly discarded; City v. Crooker, Tex.Civ. App., 252 S.W. 341; Kimball-Mathews v. Nagel, Tex.Civ.App., 235 S.W. 318; Marshall & E. T. R. Co. v. Petty, Tex.Civ.App., 145 S.W. 1195.

■ (5) Finally, it being, under our procedure, within the sound discretion of the trial court as to whether it will grant or refuse a litigant leave to withdraw his announcement of ready after he has gone into the trial and has produced the testimony upon which he relies, a refusal of the right of withdrawal in this cause was not error; because, this appellant failed to ask such leave until after the court had indicated that its decision would be adverse to him, and he did not then show either surprise by such announcement of the court, or whether or not he would be able to obtain other competent evidence to support his cause, or whether he would suffer actual injustice or harm by going on with the trial; Hamilton v. Bell, 37 Tex.Civ. App. 456, 84 S.W. 289; Mynatt v. Howard, Tex.Civ.App., 273 S.W. 276; Yeakley v. Gaston, 50 Tex.Civ.App. 405, 111 S.W. 768; Day v. Anderson, Tex.Civ.App., 62 S.W. 2d 201; Cross v. Texas Military College, Tex.Civ.App., 65 S.W.2d 794; Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872; Zurich General Accident & Liability Ins. Co. v. Wood, Tex.Civ.App., 10 S.W. 2d 760; City v. Rosen, Tex.Civ.App., 203 S.W. 84; Georgia Casualty Co. v. Campbell, Tex.Civ.App., 266 S.W. 854; Aniol v. Aniol, Tex.Civ.App., 62 S.W.2d 668.

An affirmance will be entered.

Affirmed.