16

## J. E. EARNEST & COMPANY v. J. P. WORD.

No. 7637. Decided June 4, 1941.
(152 S. W., 2d Series, 325.)

*Touchstone, Wight, Gormley, Strasburger & Price,* of Dallas, for plaintiff in error.

The Court of Civil Appeals erred in holding that the plaintiff was neither a party nor privy to the insurance policy nor subrogated to the rights of the insurance company nor entitled to recover from defendant the premiums due on the policy and in also holding that the plaintiff was a party to the con-

tracts and illegally so. Taylor v. Lowell, 3 Mass. 331, 3 Am. Dec. 141; Ellenbogen v. Frankfort Gen. Ins. Co., 202 Ill. App., 125; 2 Cooley's Briefs on Ins. 1534.

*Walter B. Branan,* of Dallas, for defendant in error.

Where plaintiff sued upon a pretended open account, which account was denied under oath, and plaintiff having failed to prove its case, defendant's motion for instructed verdict should have been granted. Walker-Smith Co. v. Watson, 271 S. W. 224; Stark v. Burkitt, 103 Texas 437, 129 S. W. 843.

Plaintiff, as agent for an insurance company, must allege and prove that it had paid the premiums to the company and in failing to so do it was not entitled to recover. Waters v. Wandless, 35 S. W. 184; Timmerman v. Bankers Reserve Life Co. 63 S. W. (2d) 687.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

J. E. Earnest & Company, an insurance agency engaged in writing various kinds of insurance for the Commercial Standard Insurance Company and other companies, sued J. P. Word on a claim for premiums alleged to be due upon certain Commercial Standard policies. Upon conclusion of the evidence the trial court instructed a verdict for plaintiff and rendered judgment in its favor against the defendant. The Court of Civil Appeals reversed the judgment for plaintiff and rendered judgment in favor of defendant. See the opinion of the Court of Civil Appeals for a statement of the case, 129 S. W. (2d) 833. The cause is before us upon writ of error granted plaintiff.

The Court of Civil Appeals makes the following statement after expressing opinion that the judgment of the court below should be reversed and judgment *rendered* for defendant.

"* * However, if it can be correctly said that we are in error in reversing and rendering the judgment for the reasons stated, in such event, we think the cause should be reversed and remanded for further proceedings, because of the error of the court in refusing defendant's requested issue on the application of payments."

We are in accord with the action of the Court of Civil Appeals in reversing the judgment below, but not with its action in *rendering* judgment in defendant's favor.

1 We are in agreement with the Court of Civil Appeals that the effect of defendant's verified denial of the correctness of plaintiff's sworn account was to destroy the probative force of the itemized account attached to the petition and put plaintiff upon proof of its claim. See cases cited in its opinion; also Gustafson v. Zunker, 257 S. W. 1114; Walker-Smith Co. v. Watson, 271 S. W. 224 and Block v. Tarrant Wholesale Drug Co., 138 S. W. (2d) 874. The trial court erroneously admitted the copy of the sworn account in evidence over the objection that plaintiff's books were the best evidence; and, as stated by the Court of Civil Appeals, the trial court erred in refusing defendant's requested issue on the application of payments.

We are not in agreement, however, with the holding that the testimony of defendant is conclusive upon defendant's alleged agreement that plaintiff would give him a fifteen per cent premium rebate in order to get his insurance business.

Mr. Seastrunk, plaintiff's assistant secretary, testified substantially that in a prior suit (based upon the cause here involved but dismissed by plaintiff without trial upon the merits), there were negotiations concerning a fifteen per cent discount, but that the only record of it was a statement given "to Mr. Word in an attempt to settle this indebtedness"; that they agreed * * *, after he had refused to pay, to settle for eighty-five cents on the dollar and when he still refused to pay we then sued him for the entire amount." He also testified as shown by the following question and answer:

"Q. You know they (plaintiff by its representatives) had agreed to give him (defendant) the fifteen per cent discount?

"A. My only knowledge of it was when we were attempting to settle the account."

The above testimony of Mr. Seastrunk is not conclusive as to whether the percentage in question was one of rebate or one to be allowed in order to effect a compromise settlement.

The question of rebate should have been submitted to the jury, and the trial court erred in granting plaintiff's motion for an instructed verdict.

2 The Court of Civil Appeals states that plaintiff neither alleged nor proved it was a party, or privy to the insurance contracts, or that they were made for its benefit, or that plaintiff was subrogated to the rights of the insurance company against the plaintiff, or that plaintiff was entitled to sue defendant

in its own right to collect the premiums due on the policies.

We do not find it necessary, in view of the error pointed out above, to determine whether the *evidence* fails to show plaintiff had such an interest in the subject matter of the suit as to entitle it to sue for the premiums in its own name since we agree with the Court of Civil Appeals that plaintiff's *allegations* are not sufficient, *as against defendant's special exceptions*, to disclose such interest. In view of another trial, however, we deem it necessary to discuss briefly the question of the sufficiency of plaintiff's pleading in this connection.

In Waters v. Wandless, 35 S. W. 184, the trial court charged the jury that "as the policy of insurance was contracted for in the name of the insurance company, and not in the name of the agent, and as it does not appear that the agent of the insurance company had any interest in the subject matter of the contract but was only interested in his commissions, he cannot maintain this suit and you will therefore return a verdict for the defendant."

The Court of Civil Appeals in reversing and rendering the cause in favor of plaintiff, says: "Waters trusted Wandless to pay the premium, and, having therefore made himself the debtor of the insurance company he became interested in the subject matter, *and, having paid the same,* became thereby subrogated to all the rights of the insurance company in the premises *and entitled to sue and recover in his own name.*" (Italics ours.)

The foregoing holding is predicated, it will be noted, upon plaintiff's right of subrogation. It is pointed out in the opinion in the case quoted from that the insurance company looked to Waters for payment of the premium, and not to the assured, and that the evidence showed Waters' contract had been complied with. The frequent citation by text writers and courts of other jurisdictions of the Waters case shows it to be a pioneer case upon the question decided. Harrison v. Birrell, 58 Oregon, 410, 115 Pac. 141 (citing, in addition to the Waters case; Cooley's Briefs on Insurance, Vol. 2, p. 916); Lamb et al. v. Connor, 84 Wash. 121, 146 Pac. 174; Weisman Ins. Agency v. Bass, 14 La. Ct. of App. 207, 127 So. 635; Stevens v. Hunt 61 Geo. Ct. of App. 265, 6 S. E. (2d) 591; McIntyre v. Hicks et al, 100 Cal. App. 531, 280 Pac. 543; Osborne v. Victor Dairies, Inc., 138 Super. Ct. of Penn. 117, 10 Atl. (2d) 129; Goldwasser v. Boonshaft (Mo. Ct. of App.), 237 S. W. 825; Cooley's Briefs on Insurance, 2nd ed., Vol. 2, p. 1547; Couch's Cyc .of Ins. Law, Vol. 3, Sec. 557, p. 1782.

The law is, as stated by the text writer (Cooley), in accord with the Waters case, that "when an insurance company looks to its agent for the premiums on insurance written by him, the agent, being the owner of the debt arising by his extending credit for the premiums, and on payment thereof being subrogated to all the rights of his principal in the premises, is entitled to sue therefor, and no assignment thereof is necessary to enable him to recover * * *"; but on the other hand "if the agent has no right of subrogation nor assignment of premium, he is not entitled to bring an action in his own name to recover the premium due on a policy issued by him."

Plaintiff failed in the present case, as held by the Court of Civil Appeals, to make the allegations necessary to show, as against special exceptions, its right to sue in its own name.

The Osborne case, supra, deals with not only the question of whether there was error because Osborne's allegations relating to his right to maintain the suit were defective but also with the question of whether the defect in allegations was material in the light of the testimony. Our citation of the case is because of is holding upon the question of adequacy of pleading and is not to be understood as approving, or passing upon, the holding that the question of defective pleading becomes immaterial if the evidence sufficiently shows plaintiff is entitled to sue in his own right.

The correct judgment, in the present case, upon its reversal, was to remand it for further proceedings.

We have not discussed the question of limitation raised by special exceptions in the defendant's answer, because the same question will probably not be presented when the petition is amended for another trial.

It should be added that, on another trial, the defense of illegality on account of agreement for rebate should, both in the pleading and in the submission of that issue, be related to the particular obligation or obligations on which suit is brought.

The judgment of the Court of Civil Appeals is reversed and the cause remanded.

Opinion adopted by the Supreme Court June 4, 1941.